S. A. YOUNG v. B. T. BARDEN and others.

*Corporations, suits against— Parties.*

A suit against a corporation (here a town) must be brought in its corporate name, and not against its officers or agents.

(*Brittain v. Newland*, 2 Dev. & Bat., 363; *Mauney v. Mfg. Co.*, 4 Ired. Eq., 195 ; *Ins. Co. v. Hicks*, 3 Jones, 58, cited and approved).

EJECTMENT tried at Spring Term, 1883, of COLUMBUS Superior Court, before *MacRae, J.*

The plaintiff alleges in his complaint that the defendants as mayor and commissioners of the "town of Fair Bluff" are in possession of the lands described therein and unlawfully withhold from him possession thereof.   The defendants deny the allegation of the complaint.

On the trial the plaintiff introduced evidence to show title to the land in himself, and that he was in possession thereof on the 29th of June, 1880; that on that day the marshal of the said town, by order of its mayor, put him out of possession, and "since that time it (the land) has been in the possession of the town of Fair Bluff, represented by the defendants."

The defendants demurred to the evidence upon the ground that the possession was proved to be in the "town of Fair Bluff," and not in them, and that as the town was not a party

to the action the plaintiff could not recover. The court being of that opinion, the plaintiff submitted to a judgment of non-suit and appealed.

*Messrs. W. A. Guthrie* and *J. W. Hinsdale,* for plaintiff.
No counsel for defendants.

MERRIMON, J. Our opinion is that the plaintiff cannot maintain this action, taking the facts to be as they appear in the case settled upon appeal.

The "town of Fair Bluff" is a municipal corporation, created by an act of the general assembly (private acts of 1872–'73, ch. 84). The defendants are described as the mayor and commissioners of that corporation, and it seems that it was the purpose of the plaintiff in this action to sue it. If so, he should have sued it in its corporate name, and as he did not, he has failed to make it a party. Corporations must sue and be sued by their names, like natural persons. The action is in effect against the defendants in their individual and personal capacity. The designation and descriptive words appended to their names are mere surplusage and go for naught. The action is not against the corporation but against the individuals whose officers and agents they are. Any judgment that might be rendered in it would not be against the corporation, because it has not been sued. *Brittain* v. *Newland,* 2 Dev. & Bat., 363; *Mauney* v. *Mfg. Co.,* 4 Ired. Eq., 195; *Ins. Co.* v. *Hicks,* 3 Jones, 58.

The evidence showed that the possession of the land in question was in the corporation "represented by the defendants," and as it was not a party, there could be no recovery against it; so that, as to it the action must fail.

If the action be treated as against the defendants personally, as it must be, it cannot be maintained, because the evidence did not show that they were in the actual possession of the land for any purpose, or that they claimed any interest in it. If the plaintiff

could have shown that they were in the actual possession, even though they might be in possession under the corporation, the action might be maintained, just as an action might be maintained against the tenant in possession under the landlord, or against any one in actual possession.

If, however, it be taken that the defendants were constructively in possession, as the mayor and commissioners of the "town of Fair Bluff," and in no other way, or if that corporation were in possession, "represented by the defendants," as the case states, the action could not be maintained against them, because they were not claiming in the actual possession.

Corporations, in contemplation of the law, are capable of having actual possession of land, and whatever may have been supposed to the contrary in the distant past, it is now settled that the actions of ejectment and trespass lie against them. Ang. & Ames on Corp., §§ 186, 240; Malone on Real Property Trials, §§ 88, 89; *Dater v. Railroad*, 2 Hill, 629.

There can be no question that when the officers or servants of a corporation have actual possession of its land, an action may be maintained against them to recover possession. But such possession on their part must be actual, and not such as arises or is implied by simply going upon the land occasionally in the exercise of the office of mayor and alderman, or in going upon it temporarily to do some special service or act that requires but a short time to perform it. The possession necessary in such cases, to warrant an action, must have continuity under some claim, colorable or otherwise, and not such as arises from doing service without claim of possession. Hence a mere laborer or servant of the corporation doing service or acts upon the land at the command of its principal officer, has not actual possession in the sense necessary to support an action for possession. *Lucas v. Johnston*, 8 Barb., 244; *Chiniquy v. Catholic Bishop*, 41 Ill., 148.

The court properly held that the plaintiff could not recover, and the judgment must be affirmed.

No error.                                        Affirmed.