* D. F. JARRETT and FANNIE E. MURPHY v. JOSHUA F. GIBBS.

*Practice—Amendment—The Code, § 273—Power to Strike Out Name of a Party—Appeal.*

1. Under *The Code*, §273, the Court, in its discretion, may allow the motion of one of several plaintiffs to strike out his name, and the exercise of such discretion, whether by refusing or granting the motion, is not reviewable.

2. If the Judge refuses the motion, on the ground of a want of power, an appeal lies.

Appeal from *Merrimon, J.*, at Fall Term, 1890, of McDowell Superior Court.

The action was originally begun by Fannie E. Murphy against defendant for recovery of certain cross-ties. At the return term (Fall, 1888), by leave of the Court, and without objection of the defendant, D. F. Jarrett, brother of plaintiff, was made a party plaintiff, and the complaint was filed in their names, alleging that they were the owners of certain

---

*Head-notes by CLARK, J.

cross-ties wrongfully cut and removed from their land by the defendant, and the defendant filed his answer in denial thereof.

The cause was continued, by consent, till Fall Term, 1890. At that term, after the jury was impaneled, counsel for plaintiffs stated to the Court that the plaintiff D. F. Jarrett was the sole owner of the cross-ties sued for, and of the land upon which the trespass was committed in cutting them, and asked to withdraw the name of Fannie E Murphy and complain in the name of Jarrett alone. The defendant objected. The Court stated that it would allow the amendment, if it had the power to do so, but being of the opinion that it had no jurisdiction to grant the motion, denied it. Plaintiffs thereupon submitted to a nonsuit and appealed.

*Messrs. J. F. Morphew* and *W. H. Bower*, for plaintiffs.
*Mr. John Devereux, Jr.*, for defendant.

CLARK, J.: *The Code*, § 273, empowers the Court, before or after judgment, to "amend any pleading, process or proceeding by adding or *striking out* the name of any party." The refusal or granting of such motion is a matter of discretion and not reviewable, unless the refusal is placed, as in this case, on the want of power, and then an appeal lies. *Henderson* v. *Graham*, 84 N. C., 496.

Even if the effect of the amendment had been to allow a substitution of one plaintiff for another, it would have been within the competency of the Court. *Reynolds* v. *Smathers*, 87 N. C , 24, and cases there cited. Jarratt, however, had been made a party two years before, without exception. The case stood, therefore, as if both plaintiffs had been named in the original process. The motion of the plaintiff Murphy to be allowed to wi·hdraw and to amend the process and pleadings by striking out her name, was within the power and rested in the discretion of the Court.

*Per Curiam.* Error.