## S. F. PLEMMONS Adm'r v. SOUTHERN IMPROVEMENT COMPANY.

*Summons—Amendment—Corporation—Parties—Descriptio Personæ—Special Appearance—Appeal.*

1. In a summons against A. H. B., " President of Southern Improvement Company," these latter words are mere *descriptio personæ* and do not make the company a party to the proceeding.

2. The Court could have allowed an amendment making the company a party either with its consent or by service of such amended summons upon the corporation.

3. The special appearance of the company's counsel did not bring it into Court for the purposes of the action.

4. No appeal lies from a refusal to dismiss an action, but after such motion and refusal the company might treat all proceedings as a nullity as to it, or have an exception noted and proceed with the cause.

This was a CIVIL ACTION, tried at November Term, 1889, of MADISON Superior Court, by *Whitaker, J.*

The facts are stated in the opinion.

No counsel for plaintiff.

*Messrs. F. A. Sondley* (by brief) and *T. F. Davidson,* for defendants.

CLARK, J.: The summons commanded the Sheriff to summons "A. H. Bronson, President of the Southern Improvement Company," and it was so served. This is legally a summons and service only upon A. H. Bronson individually. *Young* v. *Barden,* 90 N. C., 424. The superadded words "President of the Southern Improvement Company," were a mere *descriptio personae,* as would be the words "Jr." or "Sr.," or the addition of words identifying a party by the place of his residence, and the like.

*The Code,* § 273, gives the Court very great powers of amendment over pleadings, process and proceeding "by adding or striking out the name of a party," etc. It was competent for the Court below to amend the summons so as to make the Southern Improvement Company either an additional party defendant, or have substituted it as sole party defendant by striking out the name of "A. H. Bronson, President, etc.," but it could not bring the Southern Improvement Company in as a party defendant to the action without its consent (either expressed or by entering a general appearance), except by causing the amended summons to be served upon it. The service of summons issued against "A. H. Bronson, President," etc., was not a service upon the corporation, and it cannot, in this short-hand manner by amendment, be brought into Court without service of process. *Young* v. *Rollins,* 90 N. C., 134.

When additional parties plaintiff are made, or there is a substitution of parties plaintiff, no summons issues because the plaintiff is the moving party and comes into Court voluntarily. *Reynolds* v. *Smathers,* 87 N. C., 24; *Jarrett* v. *Gibbs,* 107 N. C., 303.

If the additional or substituted party objects, and is a necessary party, he is made a defendant. *The Code,* § 185. No summons was directed to issue against the corporation, and the amendment of the summons not having the effect to make it a party without service of process, the company,

by counsel appearing specially for the purposes of the motion only, moved to dismiss the proceedings as to the Southern Improvement Company. The Court refused the motion and the said company appealed. It is settled that no appeal lies from a refusal to dismiss an action. *Mitchell* v. *Kilburn*, 74 N. C., 483; *Foster* v. *Penry*, 77 N. C., 160; *Crawley* v. *Woodfin*, 78 N. C., 4. The appellant might have properly treated all subsequent proceedings as a nullity till served with process, or it may be that leave may still be granted to issue against it upon the amended summons, or it could have had its exception noted and proceed with the cause.

Appeal dismissed.