WAYLAND S. JONES v. C. M. VANSTORY, JOHN J. PHOENIX, W. C. WICKER ET AL.

(Filed 8 April, 1931.)

1. **Process B a—Personal service on directors of corporation as trustees is not service on corporation.**

The statutory provisions as to service of summons on private corporations must be observed, C. S., 483, and where individuals, directors of a corporation, are served with process as trustees, it will not be effectual as service on the corporation, but only on the individuals named.

2. **Limitation of Actions B g—Where joinder of defendant constitutes new action time will be computed as of date of service on him.**

Where certain named individuals, directors of a corporation, are served with summons as trustees, and as to them the plaintiff takes a voluntary nonsuit and moves that the corporation be made the defendant in the action, and the complaint amended, the effect of the motion is to commence a new action against the corporation, and not to amend the original complaint, and the statute of limitations as to the corporate defendant will be computed as to the date of service on it. C. S., 475.

3. **Pleadings A c—Amendment will not be allowed except to complete cause alleged and will not be allowed beyond its scope.**

An amendment to pleadings will not be allowed to extend beyond the scope of completing the cause alleged, and where a motion is allowed which makes a new party defendant, who is sought to be held solely responsible, it constitutes a new action and not an amendment. *Fountain v. Pitt*, 171 N. C., 113, cited and distinguished.

JONES *v.* VANSTORY.

CIVIL ACTION, before *Schenck, J.,* at June Term, 1930, of GUILFORD.

On or about 9 September, 1929, the plaintiff issued summonses to various counties for C. M. Vanstory, J. E. Vanhorn, Mrs. Emma B. Siler, W. C. Wicker, Lee A. Folger and others, who were denominated in the summons "trustees" of Masonic and Eastern Star Home. The plaintiff filed a complaint alleging that his father, James W. Jones, was the holder of a policy of life insurance in the sum of $4,000; that the said James W. Jones was desirous of becoming an inmate of the Masonic and Eastern Star Home, and that in order to have his father cared for by said home, the plaintiff, who was named beneficiary in said policy of life insurance, agreed that the policy should be changed so that the Masonic and Eastern Star Home should become beneficiary of said policy to an amount equal to two-thirds of said insurance, and that the plaintiff was to receive one-third of said insurance. In consequence of this agreement the beneficiary was changed and the plaintiff's father was admitted into the institution and remained therein until his death on or about 1 September, 1926. Thereafter, on or about 13 September, 1926, the insurance company paid to the Masonic and Eastern Star Home the sum of $4,004.80.

Acting upon the agreement, plaintiff made demand upon the trustees of the Home for one-third of said sum, to wit, $1,334.70, and upon refusal to recognize his claim, instituted the present action. The individual defendants denominated "trustees" in the summons and complaint filed a petition for a change of venue from Forsyth to Guilford County. In the petition for removal it was alleged that the Masonic and Eastern Star Home was a North Carolina corporation and that the defendants named in the summons were not trustees, but were directors of said corporation. Thereupon, on 12 October, 1929, the plaintiff made a motion to amend his complaint and all proceedings filed in the cause so as to make the Masonic and Eastern Star Home, Inc., a party defendant. The motion was allowed, and the order of removal was also allowed. Thereafter the plaintiff filed an amended complaint seeking to recover from the corporation. The alleged "trustees" filed an answer denying the allegations of the complaint and the corporation filed an answer denying the allegations of the complaint, and also pleaded the three-year statute of limitation. When the cause came on for trial the plaintiff took a voluntary nonsuit as to all defendants except the Masonic and Eastern Star Home of North Carolina, Inc.

The issues were as follows:

1. "Is the action of the plaintiff, Wayland S. Jones, barred by the statute of limitations, as alleged in the answer?"

2. "Is the plaintiff, Wayland S. Jones, entitled to recover of the defendant, Masonic and Eastern Star Home of North Carolina, Inc., one-

third of the amount collected on the policy, less amount of premiums, to wit, $1,302.08, as alleged in the complaint?

The jury answered the first issue "No," and the second issue "Yes."

From the judgment upon the verdict the defendant corporation appealed.

*J. Harold McKeilhan and Ingle & Rucker for plaintiff.*
*King, Sapp & King for defendant.*

BROGDEN, J. If certain individuals are sued as trustees, and thereafter, upon motion, a corporation in which said individuals are directors, is duly made a party to the suit, does the making of such corporation a party, constitute an amendment or a new action?

The Revised Code of 1854 provided for amendments to process or pleadings "for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered thereon." This original provision has gradually been broadened into C. S., 547. This Court considered the nature of an amendment in *Camlin v. Barnes,* 50 N. C., 296. The Court said: "So, if this be an amendment, the court has power to make it. But it is not an amendment. The effect of the order is to make, and not to amend, this process. We put our decision on the ground, that whenever it is necessary to issue new process to bring in a new defendant, the operation amounts to something which exceeds an amendment, in the broadest signification in which the word has ever been used." C. S., 475, provides that a civil action shall be commenced by the issuance of a summons. The summons against the corporate defendant was issued ........ day of December, 1929, and served on 6 December, 1929. If the corporation was in court by reason of the summons served upon certain individuals denominated "trustees" of the Masonic and Eastern Star Home, then it was wholly unnecessary to issue new process for the corporation.

But was the corporation in court prior to 6 December, 1929? The statute, C. S., 483, prescribes the method by which a private corporation shall be brought into court. Construing this statute in *Hatch v. R. R.,* 183 N. C., 617, it was declared: "The summons must be served on a corporation by the delivery of a copy thereof to one of certain designated officers or to a local agent (C. S., 483); and this requirement, it is held, must be strictly observed." In *Plemmons v. Improvement Co.,* 108 N. C., 615, the summons named "A. H. Bronson, president of the Southern Improvement Company," and service was duly made. This Court held that this was a service upon A. H. Bronson individually, and "was not a service upon the corporation, and it cannot, in this shorthand manner by amendment, be brought into court

without service of process." Again in *Hester v. Mullen,* 107 N. C., 724, the Court wrote as follows: "Only such amendments as to parties or the cause of the action may be made as its nature and scope warranted. Amendments in this respect must be such, and only such, as are necessary to promote the completion of the action begun."

It is generally accepted that no amendment will lie which substantially changes the cause of action. *Merrill v. Merrill,* 92 N. C., 657; *Campbell v. Power Co.,* 166 N. C., 488; *Hill v. R. R.,* 195 N. C., 605; *Gibbs v. Mills,* 198 N. C., 417; McIntosh North Carolina Practice and Procedure, 512-517.

In the case at bar the complaint alleged a cause of action against the individual defendants as "trustees," and hence no cause of action was set up against the corporation. The corporation was first mentioned in the motion to make an additional party which was filed 12 October, 1929, and this motion did not contemplate an additional party for the purpose of completing an action already begun, but to substitute a party, to be held solely and exclusively liable for the claim of plaintiff. This constituted a new action so far as the corporate defendant was concerned. *Davis v. R. R., ante,* 345.

The evidence tended to show that the insurance company paid the money to the corporate defendant on 13 September, 1926. Consequently the plaintiff's cause of action accrued on said date. The motion to bring the corporation into court was made on 12 October, 1929, and the summons was served on 6 December, 1929. Either date was more than three years from the accrual of the cause of action. The trial judge instructed the jury, as a matter of law, to answer the first issue "No." This instruction was erroneous under the circumstances disclosed by the record.

Plaintiff relies upon the case of *Fountain v. Pitt,* 171 N. C., 113. In that case the Court said: "While the process ran against the board, it is apparent from it, and from the pleadings, as we have shown, that the suit was in reality against the county, and in the body of the complaint the defendant is designated as 'the county of Pitt.' " It cannot be said that the original suit in the case at bar was in reality against the corporation. Furthermore, the statute with reference to suits against county commissioners has no bearing upon suits against private corporations, as such are governed by other statutory provisions.

New trial.