HENRY H. SINK, ANCILLARY ADMINISTRATOR C. T. A. OF THE ESTATE OF NOBLE C. CARTWRIGHT v. FORREST J. SCHAFER.

(Filed 14 January, 1966.)

**Process § 4—**

The suffix "Jr." is no part of a person's name but is *descriptio personae,* and therefore when the caption of the summons does not designate defendant as a junior but the body does so designate him, and the summons is served in compliance with the applicable statute upon the defendant, the fact that the caption fails to properly describe him as junior is immaterial.

APPEAL by defendant from *Bailey, J.,* July 12, 1965, Regular Civil Session, WAKE Superior Court.

On May 6, 1965, the plaintiff, as administrator of Noble C. Cartwright, instituted this civil action for the wrongful death of his intestate. The caption of the summons designated the defendant

as Forrest J. Schafer. The body of the summons directed the Sheriff of Wake County to summon Edward Scheidt, Commissioner of Motor Vehicles, as statutory process agent for Forrest J. Schafer, Jr., giving his street address in Philadelphia. The complaint alleged a cause of action for wrongful death resulting from the negligent operation of a motor vehicle upon the public highway near Camp Lejeune by the defendant, a nonresident of this State.

The plaintiff filed with the court an affidavit that the nonresident defendant had been served with the summons and a copy of the complaint as required by G.S. 1-105. Forrest J. Schafer, Jr., refused to accept the registered letter containing the copy of the complaint and summons upon the ground that the caption of the summons designated the defendant as Forrest J. Schafer. Upon the return of the registered letter the plaintiff enclosed the same in another letter and mailed it to Forrest J. Schafer, Jr., at his address in Philadelphia. Forrest J. Schafer, Jr., entered a special appearance in the Superior Court and moved to quash the service of process upon the ground the service upon the Motor Vehicles Commissioner was insufficient to bring Forrest J. Schafer, Jr., into court.

Judge Bailey overruled the motion. The defendant, Forrest J. Schafer, Jr., appealed.

*Teague, Johnson and Patterson by Robert M. Clay for plaintiff appellee.*

*Smith, Leach, Anderson & Dorsett for Forrest J. Schafer, Jr., defendant appellant.*

HIGGINS, J. The record discloses the caption in the summons designated Forrest J. Schafer, as the defendant. The body of the summons directed the Sheriff to serve Forrest J. Schafer, Jr. The Sheriff served the summons on the Commissioner of Motor Vehicles as defendant's statutory process agent for the purpose of bringing him into court in this wrongful death action resulting from his negligent operation of a motor vehicle upon a North Carolina public highway. The Commissioner of Motor Vehicles mailed the process to Forrest J. Schafer, Jr., who seeks to quash the service upon the sole ground that the suffix, Jr., was omitted in the caption of the summons. The appellant is alleged to have been the driver of the vehicle causing the death of the intestate. Copies of the summons and complaint were served on the Commissioner of Motor Vehicles and by him transmitted to the appellant. The service was complete.

The suffix, Jr., is no part of a person's name. It is a mere *descriptio personae. State v. Best,* 108 N.C. 747, 12 S.E. 907. "Names

are to designate persons, and where the identity is certain a variance in the name is immaterial." *Patterson v. Walton,* 119 N.C. 500, 26 S.E. 43; *Clawson v. Wolfe,* 77 N.C. 100; 71 C.J.S., Pleadings, § 36(b).

Judge Bailey's order denying the motion to quash the summons is sustained by the great weight of authority. This the appellant admits in his brief. *Quaere:* Does the caption of the summons designating Forrest J. Schafer, or the body of the process giving the correct designation, Forrest J. Schafer, Jr., control? In either event, the order of the Superior Court of Wake County is correct and is

Affirmed.