JIM RUSSELL AND SEYMOUR ETT, T/A RUSSETT SALES COMPANY v. BEA STAPLE MANUFACTURING COMPANY, INCORPORATED.

(Filed 4 February, 1966.)

1. **Process § 11—**

   Service of process commanding the sheriff to summon a named individual, local agent for a named corporation, defendants, does not bring the corporation into court, but is service upon the named individual alone, the words "local agent" being merely *descriptio personae.*

2. **Judgments § 1—**

   A valid judgment against a defendant can be rendered only after the court has obtained jurisdiction of the defendant in some way sanctioned by law.

3. **Judgments §§ 14, 19—**

   A judgment by default against a defendant based upon an invalid service of process is a nullity and should be vacated upon motion made upon special appearance.

APPEAL by defendant from *Gambill, J.,* 17 May 1965 Civil Session of GUILFORD, High Point Division.

Civil action by plaintiffs, copartners of a partnership having its principal place of business in High Point, North Carolina, to recover from defendant, a New Jersey corporation organized and domiciled in New Jersey, the sum of $5,000 allegedly due for sales commissions under an agreement between the parties.

The action was commenced on 16 February 1965 by the issuance of summons by the clerk of the Superior Court of Guilford County addressed to the sheriff of Guilford County. The original summons was issued in the case of JIM RUSSELL AND SEYMOUR ETT, T/A RUSSETT SALES COMPANY v. BEA STAPLE MANUFACTURING COM-

PANY, INCORPORATED, and commanded the sheriff "to summon Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina, local agent for Bea Staple Manufacturing Company, Incorporated, defendant(s) above named," and it was so served by the sheriff of Guilford County on 18 February 1965. The copy of the original summons delivered to Clayton Eddinger by the sheriff of Guilford County commanded the sheriff "to summon Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina." At the same time service of summons was made upon Clayton Eddinger there was delivered to him a copy of the complaint. No other service of process was made.

No extension of time to answer or plead was granted, and no answer or pleading was filed within 30 days after service of summons and complaint on Clayton Eddinger. Upon motion made by plaintiffs, the assistant clerk of the superior court of Guilford County on 9 April 1965 entered judgment by default final against defendant, ordering and decreeing that plaintiffs recover from defendant the sum of $5,000 and the costs of the action.

On 21 April 1965 defendant, Bea Staple Manufacturing Company, Incorporated, made a special appearance for the purposes of this motion only, and moved that the judgment by default final rendered in this action on 9 April 1965 be set aside, for the reason that there has been no proper or valid service of process upon defendant, Bea Staple Manufacturing Company, Incorporated, on the grounds that the summons issued by the clerk of the Superior Court of Guilford County, a copy of which is attached to and incorporated in by reference in this motion, was directed to "Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina," and service was so made on Eddinger on 18 February 1965; that the summons did not command the sheriff to summon Bea Staple Manufacturing Company, Incorporated, the defendant named in the complaint, and that for failure to comply with the provisions of G.S. 1-89 service of said summons as set forth above does not confer jurisdiction upon the court as to Bea Staple Manufacturing Company, Incorporated, and the judgment rendered upon the service of process as above set forth is therefore a nullity.

On 18 May 1965 Robert M. Gambill, judge presiding, entered an order that the service of process in this action conferred jurisdiction upon the defendant, Bea Staple Manufacturing Company, Incorporated, and denied the motion to vacate the judgment by default final.

From this order by Judge Gambill, defendant appeals.

*Haworth, Riggs, Kuhn and Haworth by John Haworth; and Don G. Miller for defendant appellant.*

*Morgan, Byerly, Post & Keziah by W. Dan Herring for plaintiff appellee.*

PARKER, J.  G.S. 1-89 reads in relevant part: "It [the summons] must be returnable before the clerk and must command the sheriff or other proper officers to summon *the defendant,* or *defendants,* to appear and answer the complaint of the plaintiffs within thirty (30) days after its service upon defendant, or defendants. . . ." (Emphasis ours.)

The original summons commanded the sheriff "to summon Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina, local agent for Bea Staple Manufacturing Company, Incorporated, defendant(s) above named," and was so served. The copy of the summons delivered to Clayton Eddinger commanded the sheriff "to summon Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina, defendant(s) above named."

*Plemmons v. Southern Improvement Co.,* 108 N.C. 614, 13 S.E. 188, is directly in point. In that case the Court said:

"The summons commanded the sheriff to summon 'A. H. Bronson, President of the Southern Improvement Company,' and it was so served. This is legally a summons and service only upon A. H. Bronson individually. *Young v. Barden,* 90 N,C. 424. The superadded words 'President of the Southern Improvement Company,' were a mere *descriptio personae,* as would be the words 'Jr.,' or 'Sr.,' or the addition of words identifying a party by the place of his residence, and the like."

The Court held that this did not make Southern Improvement Company a party to the case.

In *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867, the plaintiff issued summonses to various counties for C. M. Vanstory, J. E. Vanhorn, Mrs. Emma B. Siler, W. C. Wicker, Lee A. Folger and others, who were designated in the summons "trustees" of Masonic and Eastern Star Home. The Court held that the statutory provisions as to service of summons on private corporations must be observed, and where individuals, directors of Masonic and Eastern Star Home, Inc., a North Carolina corporation, are served with process as trustees, it will not be effectual as service on the corporation, but only on the individuals named, and cites as authority for its holding *Plemmons v. Southern Improvement Co., supra.*

To the same effect are *Hogsed v. Pearlman*, 213 N.C. 240, 195 S.E. 789; *McLean v. Matheny*, 240 N.C. 785, 84 S.E. 2d 190; and statement in McIntosh, North Carolina Practice and Procedure, 2d Ed., § 864 at p. 448. See also *Edwards v. Scott & Fetzer, Inc.*, 154 F. Supp. 41, 45 (U. S. District Court, M.D. North Carolina).

Plaintiffs in their brief state that *Lumber Co. v. State Sewing Machine Corp.*, 233 N.C. 407, 64 S.E. 2d 415, "is in point and should control this controversy.". With that statement we do not agree. We have examined the original case on appeal in that action, which contains a copy of the summons. The summons commands the sheriff of Forsyth County "to summon State Sewing Machine Corporation"; this is not set forth in the Court's opinion in that case.

The original summons commanded the sheriff "to summon Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina, local agent for Bea Staple Manufacturing Company, Incorporated, defendant(s) above named," and was so served. This constituted only service of process upon Clayton Eddinger individually, and did not constitute service of process upon Bea Staple Manufacturing Company, Incorporated, and this corporation is not a party to this action.

For a court to give a valid judgment against a defendant, it is essential that jurisdiction of the party has been obtained by the court in some way allowed by law. When a court has no authority to act, its acts are void. It appears from the face of the record proper that the court has obtained no jurisdiction over Bea Staple Manufacturing Company, Incorporated, because no service of summons has been had upon it, and the corporation has made no general appearance. It made only a special appearance for the purposes of a motion to vacate the judgment by default final entered on 9 April 1965. Consequently, the judgment by default final entered against Bea Staple Manufacturing Company, Incorporated, on 9 April 1965 is void and a pure nullity. *Harrington v. Rice*, 245 N.C. 640, 97 S.E. 2d 239; *Monroe v. Niven*, 221 N.C. 362, 20 S.E. 2d 311; 3 Strong, N. C. Index, Judgments, § 14; 49 C.J.S., Judgments, § 334(b). The lower court erred in denying the motion of Bea Staple Manufacturing Company, Incorporated, to vacate the judgment by default final entered on 9 April 1965, made upon its special appearance to vacate this judgment.

Reversed.