CAROLINA PLYWOOD DISTRIBUTORS, INC., v. DAVE McANDREWS AND WAYNE EDWARD COURVILLE.

(Filed 12 April, 1967.)

**1. Process § 15—**
    The statute providing for service of summons on a nonresident automobile owner by serving a copy on the Commissioner of Motor Vehicles and the forwarding of such copy to the nonresident by registered mail is

constitutional, but its provisions are in derogation of the common law, and G.S. 1-89 and G.S. 1-105 must be construed together and the provisions of both statutes strictly complied with.

**2. Same—**

The summons in this action commanded the sheriff to 'summon the Commissioner of Motor Vehicles as a process agent for named nonresidents, and a copy thereof was duly mailed by the Commissioner to the named nonresidents with return receipt requested. *Held:* The nonresidents were not summoned, and, in the absence of a general appearance by them, the summoning of the Commissioner of Motor Vehicles is of no avail. The question of amendment is not apposite since there was no error in identifying the person summoned.

APPEAL by plaintiff from *Cohoon, J.,* November 1966 Civil Session of WILSON.

Civil action growing out of a motor vehicle collision between plaintiff's tractor-trailer truck operated by plaintiff's employee, and a tractor-trailer truck owned by the defendant, Dave McAndrews, and being operated at the time by the defendant Wayne Edward Courville. The accident occurred on 26 November 1965 while plaintiff's truck was being operated in a westerly direction along U. S. Highway Interstate 85 in Orange County. Neither of the defendants reside in North Carolina, McAndrews having an address in Iowa, and Courville's address being unknown.

Summons dated 3 March 1966 was served on A. Pilston Godwin, Jr., Commissioner of Motor Vehicles for the State of North Carolina. The summons read, in pertinent part, as follows:

"To the Sheriff of Wake County — GREETING:

YOU ARE HEREBY COMMANDED To SUMMON Commissioner of Motor Vehicles of the State of North Carolina, as Process agent for Wayne Edward Courville, Hotel Cascade, Cascade, Iowa, and Dave McAndrews, Bernard, Iowa, the defendants, above named, . . . ."

Pursuant to G.S. 1-105, the Commissioner forwarded the summons and copy of the complaint to the defendants by registered mail — return receipt requested. Thereafter, a return receipt, signed by McAndrews and dated 12 March 1966, was delivered to the Commissioner by postal authorities, showing delivery of the summons and complaint to McAndrews. The return receipt on the letter to Courville was returned to the Commissioner marked: "Unknown At Address." Thereafter, on 13 April 1966, plaintiff caused another summons to be issued. This summons was served on the Commissioner and was exactly like the previous one except that a new address was supplied for Courville. This summons and attached com-

plaint were forwarded by the Commissioner to Courville at his last known address. On 2 May 1966 the papers mailed to Courville were returned with the following notation: "Moved, Left No Address."

On 13 September 1966 plaintiff filed affidavit of compliance pursuant to G.S. 1-105, and upon its motion the Clerk of Superior Court of Wilson County entered judgment by default and inquiry.

On 8 November 1966 defendant filed a motion and specially appeared, praying that the judgment entered against them be set aside and declared null and void. Hearing was duly held before Cohoon, J., at the November 1966 Civil Session of Wilson. By order and judgment dated 22 December 1966 the court determined that no jurisdiction of the persons of defendants had been acquired, and thereupon set aside the judgment by default entered in this cause. Plaintiff appealed.

*Lucas, Rand, Rose, Morris & Meyer, by Bobby F. Jones, for plaintiff.*

*Gardner, Connor & Lee for defendants.*

BRANCH, J. The question presented for decision by this appeal is whether the court acquired jurisdiction of the persons of the defendants.

G.S. 1-105 provides that when a nonresident uses the public highways of this State, his acceptance of this privilege and right is deemed equivalent to his appointing the Commissioner of Motor Vehicles as his lawful attorney, upon whom summons may be served in actions against the nonresident growing out of his use of such roads. The statute further provides in pertinent part:

"Service of such process shall be made in the following manner:

"(1) By leaving a copy thereof, with a fee of one dollar ($1.00), in the hands of the Commissioner of Motor Vehicles, or in his office. Such service, upon compliance with the other provisions of this section shall be sufficient service upon the said nonresident.

"(2) Notice of such service of process and copy thereof must be forthwith sent by registered mail by plaintiff or the Commissioner of Motor Vehicles to the defendant, and the entries on the defendant's return receipt shall be sufficient evidence of the date on which notice of service upon the Commissioner of Motor Vehicles and copy of process were delivered to the defendant, on which date service on said defendant shall be deemed completed. . . . If the registered letter is not delivered to the defendant because it is unclaimed, or because he

has removed himself from his last known address and has left no forwarding address or is unknown at his last known address, service on the defendant shall be deemed completed on the date that the registered letter is returned to the plaintiff or Commissioner of Motor Vehicles.

"(3) The defendant's return receipt, or the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by the plaintiff that notice of mailing the registered letter and refusal to accept was forthwith sent to the defendant by ordinary mail, together with the plaintiff's affidavit of compliance with the provisions of this section must be appended to the summons or other process and filed with said summons, complaint and other papers in the cause."

The constitutionality of this statute was upheld in *Ashley v. Brown*, 198 N.C. 369, 151 S.E. 725; *Bigham v. Foor*, 201 N.C. 14, 158 S.E. 548; and *Davis v. Martini*, 233 N.C. 351, 64 S.E. 2d 1. The provisions thereof are in derogation of the common law and must be strictly complied with. *Propst v. Trucking Co.*, 223 N.C. 490, 27 S.E. 2d 152. It has been recognized by this Court that when the procedural requirements are strictly complied with, the process and pleading are subject to amendment in accordance with general rules. *Bailey v. McPherson*, 233 N.C. 231, 63 S.E. 2d 559.

Other courts recognize the necessity for strict compliance with the provisions of comparable statutes. The court in the case of *Harris v. Bates*, 364 Mo. 1023, 270 S.W. 2d 763, considering a similar statute, stated: "Actual notice, given in any manner other than that prescribed by statute cannot supply constitutional validity to the statute or to service under it." A similar statute providing for service on nonresident motorists was construed by the Delaware Court in the case of *Webb Packing Co. v. Harmon*, 39 Del. 22, 196 Atl. 158, and the Court held: "Due process of law, as applied to notice of proceedings resulting in judgment, means notice directed by the statute itself and not a voluntary or gratuitous notice resting in favor of discretion."

G.S. 1-105 provides a statutory and artificial method by which duly issued process may be served on nonresident motorists. It does not in any way change or amend the law governing the commencement of actions or the contents of a summons. It is elementary that all civil actions are commenced by the issuance of summons, except as provided by G.S. 1-98 and G.S. 1-104, and in cases of controversy without action or confession of judgment without action. G.S. 1-88. The issuance of a valid summons as provided in G.S. 1-89

was necessary for there to be compliance with the provisions of G.S. 1-105. Therefore, G.S. 1-89 and G.S. 1-105 must be construed together and the provisions of both strictly complied with.

G.S. 1-89 provides, *inter alia:*

> "Contents, return, seal. — The summons must run in the name of the State, be signed by the clerk or deputy clerks of the superior court having jurisdiction to try the action, and be directed to the sheriff or other proper officers of the county or counties in which the defendant or any of them reside or may be found. It must be returnable before the clerk *and must command the sheriff or other proper officer to summon the defendant, or defendants,* to appear and answer the complaint of the plaintiff within thirty (30) days after its service upon defendant, or defendants; . . ." (Emphasis ours)

The case of *Russell v. Manufacturing Co.*, 266 N.C. 531, 146 S.E. 2d 459, involved the validity of a judgment against Bea Staple Manufacturing Company, Inc., where the original summons commanded the sheriff "to summon Clayton Eddinger, Kearns Warehouse, 518 Hamilton Street, High Point, North Carolina, local agent for Bea Staple Manufacturing Company, Incorporated, defendant(s) above named." The Court held that such service did not constitute service of process upon Bea Staple Manufacturing Company, Incorporated, and stated through Parker, J., (now C.J.):

> "For a court to give a valid judgment against a defendant, it is essential that jurisdiction of the party has been obtained by the court in some way allowed by law. When a court has no authority to act, its acts are void. It appears from the face of the record proper that the court has obtained no jurisdiction over Bea Staple Manufacturing Company, Incorporated, because no service of summons has been had upon it, and the corporation has made no general appearance. It made only a special appearance for the purpose of a motion to vacate the judgment by default final entered on 9 April 1965. Consequently, the judgment by default final entered against Bea Staple Manufacturing Company, Incorporated, on 9 April 1965 is void and a pure nullity."

In reaching its decision in the *Russell* case the Court relied on *Plemmons v. Southern Improvement Co.*, 108 N.C. 614, 13 S.E. 188, as being directly in point, and quoted therefrom as follows:

> " 'The summons commanded the sheriff to summon "A. H. Bronson, President of the Southern Improvement Company,"

and it was so served. This is legally a summons and service only upon A. H. Bronson individually. *Young v. Barden,* 90 N.C. 424. The superadded words "President of the Southern Improvement Company," were a mere *descriptio personœ,* as would be the words "Jr.," or "Sr.," or the addition of words identifying a party by the place of his residence, and the like.'

"The Court held that this did not make Southern Improvement Company a party to the case."

*Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867, holds that where individual directors of a corporation are served with summons as trustees, it is not effectual service on the corporation, but only on the individuals named.

Appellant relies on *Bailey v. McPherson, supra.* This case related to a summons issued against M. H. Winkler Manufacturing Company, Inc., Baton Rogue, Louisiana. The return receipt was signed by M. H. Winkler, and the evidence showed that he was the person who operated M. H. Winkler Manufacturing Company as the sole proprietor. The Court held that the trial court in its broad discretionary power could allow an amendment to correct a misnomer or mistake in the name of a party, *provided it does not amount to a substitution or change of parties. Bailey v. McPherson* is distinguishable from the instant case in that there the sheriff was commanded to summons the proper defendant and the description of the person was in error. In the instant case the sheriff was not commanded to summons the defendants at all. The summons commanded the sheriff to summons the Commissioner of Motor Vehicles of the State of North Carolina only.

Appellant also cites the case of *Sink v. Schafer,* 266 N.C. 347, 145 S.E. 2d 860, as one of the principal authorities sustaining its position. The Court in its opinion in that case unequivocally stated: "The Commissioner of Motor Vehicles mailed the process to Forrest J. Schafer, Jr., who seeks to quash the service upon the *sole ground* that the suffix, Jr., was omitted in the caption of the summons," (Emphasis ours), and held: "The suffix, Jr., is no part of a person's name. It is a mere *descriptio personœ.*" It is apparent that *Sink* was decided on the basis of immaterial variance in the name of the defendant, and that the question presented in the instant case was not considered. Neither was it considered in the other authorities cited by appellant.

Appellant further contends, and rightly so, that G.S. 1-105 authorizes service of summons upon the Commissioner of Motor Vehicles in certain cases. However, the summons must command the sheriff or other proper officer to summons the defendant or defend-

ants. Here the sheriff was not commanded to summons Dave Mc-Andrews and Wayne Edward Courville. They did not make a general appearance, and summoning the Commissioner of Motor Vehicles was of no avail. Thus the court obtained no jurisdiction of the persons of defendants.

The judgment entered below is

Affirmed.