WILLIAM G. CRABTREE v. COATS & BURCHARD COMPANY

No. 7026SC229

(Filed 6 May 1970)

**1. Appeal and Error § 28— broadside exception to findings of fact**

An exception "to the Findings of Fact for the reason that they are not sufficient to support the conclusions of law and the judgment" is broadside and does not present for review the admissibility of the evidence on which the findings were made or the sufficiency of the evidence to support the findings.

**2. Appeal and Error § 57— appellate review of findings of fact**

Where there was ample competent evidence to support the findings of fact made by the trial court, they are conclusive.

**3. Process § 14— foreign corporation — service on Secretary of State — transaction of business in this State**

In this action against a foreign corporation for commissions on sales by plaintiff as defendant's sales representative in this State and nine other states, findings of fact supported by competent evidence are sufficient to support the conclusion that defendant is a foreign corporation transacting appraisal business in this State without a certificate of authority to do so, that a substantial portion of plaintiff's cause of action arose out of business transacted in this State, and that service of process on the Secretary of State under G.S. 55-144 was sufficient to give the court jurisdiction over the person of defendant.

**4. Process § 14— foreign corporation — service on Secretary of State — performance of contract in this State**

In this action against a foreign corporation for commissions on sales by plaintiff as defendant's sales representative in this State and nine other states, the fact that defendant rented and maintained an office in this State for the use of plaintiff shows that the contract made in another state between plaintiff and defendant was to be substantially performed in this State so as to render defendant amenable to service of process under G.S. 55-145 (a) (1) by service on the Secretary of State.

**5. Process § 14— foreign corporation — service on Secretary of State — minimum contacts within this State**

Defendant foreign corporation had sufficient contacts within this State to support service of summons on it by service on the Secretary of State under G.S. 55-145 (a) (1), where defendant's business in this State has been a continuing one, and a substantial portion of plaintiff's alleged cause of action arose out of these substantial contacts within this State.

**6. Process § 14— foreign corporation — service on Secretary of State — sufficiency of summons**

In this action against a foreign corporation for sales commissions, summons which commands the sheriff to summon "the following named" to appear and answer the complaint, states that the manner of service shall be by delivery of the summons and complaint personally to the Secretary of State, and thereafter names corporate defendant as defendant *is held* sufficient to give the court jurisdiction of defendant, the correct interpre-

tation of the language of the summons being that the sheriff is commanded to summon the defendant named therein by delivering a copy of the summons and complaint to the Secretary of State.

APPEAL by defendant from *Copeland, S.J.,* 15 December 1969 Schedule "D" Non-Jury Session of Superior Court held in MECK-LENBURG County.

This is a civil action by plaintiff, a resident of Mecklenburg County, to recover of corporate defendant, an Illinois corporation having its principal office in Chicago, the sum of $25,598.76 allegedly due for commissions on sales by plaintiff as defendant's sales representative of appraisal and annual revision services in North Carolina, South Carolina, Virginia, West Virginia, Tennessee, Alabama, Georgia, Florida, Mississippi and Louisiana.

The action was commenced on 12 May 1969 by the issuance of a summons by the Clerk of Superior Court of Mecklenburg County addressed to the Sheriff of Wake County. The summons was issued in the case of "William G. Crabtree, Plaintiff, against Coats & Burchard Company, Defendant," and it was served by the Sheriff of Wake County on 14 May 1969 by delivering copies of the summons and complaint to Thad Eure, Secretary of State of North Carolina.

On 10 June 1969 defendant entered a special appearance solely for the purposes of its motion and moved to dismiss, asserting that the court had not acquired jurisdiction over the person of the defendant. On 17 December 1969 defendant entered a special appearance solely for the purpose of renewing its motion "that the service of summons be quashed and that this action be dismissed for that the Court has not in this action properly acquired jurisdiction over the person of this Defendant."

After hearing the evidence offered by the parties, Judge Copeland, under date of 17 January 1970, made findings of fact, conclusions of law, and entered the following order:

"1.  The Plaintiff is presently a citizen and resident of Mecklenburg County, State of North Carolina.

2.  That at all times the Plaintiff was working for the Defendant he was a citizen and resident of Mecklenburg County, State of North Carolina and maintained his home there.

3.  Defendant is a corporation organized and existing under the laws of the State of Illinois and having its principal place of business at 4415 North Ravenswood Avenue, Chicago, Illinois. The Defendant has never secured a certificate of authority from the Secretary of State of North Carolina to transact business in the State of North Carolina.

4. The Defendant is in the appraisal business and employs salesmen in various sections of the country. Such salesmen call on customers and prospective customers of the Defendant in the states in their area of responsibility in order to obtain appraisal work.

5. Plaintiff was employed by Defendant at its office in Chicago, Illinois in 1963.

6. Plaintiff was employed as a sales representative for Defendant in a territory which included Virginia, South Carolina, North Carolina, Tennessee, Georgia, Mississippi, Alabama, Louisiana, Florida and West Virginia.

7. Defendant maintained an office in Charlotte during the term of Plaintiff's employment. The office had an answering service and public stenographers were used when the need arose.

8. Plaintiff, the sole user of the aforesaid office, spent no more than 5% of his time in the office.

9. Plaintiff earned on the average $15,000 to $16,000 in commissions annually in his employment with Defendant, of which amount approximately $4,000 to $5,000 arose out of work done by him in North Carolina.

10. Plaintiff's cause of action is based, in the main, on commissions allegedly due from sales made by him during the term of his employment with Defendant. Of the commissions sued for, forty-four (44) arose from sales made outside of North Carolina and twenty-one (21) arose from sales made in North Carolina. In terms of dollar value, the Plaintiff is claiming commissions on gross sales in the amount of $214,552.14, which may be broken down as follows: gross sales in North Carolina — $56,155.00; gross sales in other states — $158,397.14. Put another way, of commissions the Plaintiff is suing for, approximately ¼ to ⅓ arose on sales he made in North Carolina and ⅔ to ¾ on sales he made outside of North Carolina.

11. During the term of Plaintiff's employment with Defendant, and at all times relevant to the matter at issue, Defendant sent field appraisers into North Carolina, which appraisers spent hundreds of man days in the State on Defendant's behalf.

12. During the term of Plaintiff's employment, Defendant billed its North Carolina customers thousands of dollars.

And the Court concludes as a matter of law that:

1. Service on the Defendant corporation was valid under the

provisions of Section 55-144 or Section 55-145(a)(1) of the General Statutes of North Carolina, and that the General Court of Justice, Superior Court Division, Mecklenburg County, properly acquired jurisdiction of the Defendant.

2. The mechanics of service provided for by Section 55-144 and Section 55-145(c) were satisfied by service of the summons on the Secretary of State of the State of North Carolina by the Sheriff of Wake County, North Carolina.

NOW, THEREFORE, IT IS ORDERED that the Defendant's motion to dismiss the action against the Defendant for that the Court has not in this action properly acquired jurisdiction of the person of the Defendant and the Defendant's motion that the service of summons be quashed are denied, and the Defendant is allowed thirty (30) days from the date of this order to file answer or otherwise plead.

Signing of this order out of term and out of the district was consented to in open Court by counsel for the Plaintiff and counsel for the Defendant."

Upon the entry of this order, the defendant assigned error and appealed to the Court of Appeals.

*Robert D. Potter for plaintiff appellee.*

*McLendon, Brim, Brooks, Pierce & Daniels by Claude C. Pierce and James T. Williams, Jr., for defendant appellant.*

MALLARD, C.J.

Appellant has only four exceptions and three assignments of error.

[1, 2] Defendant's exception number one is that "(d)efendant objects and excepts to the Findings of Fact for the reason that they are not sufficient to support the conclusions of law and the judgment." There was no exception made to any particular finding of fact. This exception is broadside and does not present for review the admissibility of the evidence on which the findings were made or the sufficiency of the evidence to support the findings. 1 Strong, N.C. Index 2d, Appeal and Error, § 28. However, there was ample competent evidence to support the findings of fact made by Judge Copeland, and they are conclusive. *Equipment Co. v. Equipment Co.*, 263 N.C. 549, 140 S.E. 2d 3 (1965); *Farmer v. Ferris*, 260 N.C. 619, 133 S.E. 2d 492 (1963).

Defendant's exception number two is that "(d)efendant objects and excepts to the Court's first conclusion of law for the reason that it is not supported by the Findings of Fact and is contrary to law."

**[3]** Defendant contends that plaintiff's cause of action did not arise out of business which defendant transacted in North Carolina. G.S. 55-144 reads in pertinent part:

> "Whenever a foreign corporation shall transact business in this State without first procuring a certificate of authority so to do from the Secretary of State * * * then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand in any suit upon a cause of action arising out of such business may be served."

Applying the provisions of this statute, G.S. 55-144 to the facts found by the court, we are of the opinion and so hold that the defendant was a foreign corporation transacting business in this State without obtaining a certificate of authority from the Secretary of State to do so, and that a substantial portion of plaintiff's cause of action arose out of such business. *Mills v. Transit Co.*, 268 N.C. 313, 150 S.E. 2d 585 (1966). The defendant was conducting business in this State with the plaintiff and other residents of this State and maintained an office in Charlotte for that purpose. This is not a transitory cause of action arising in another state but is local in nature. *R. R. v. Hunt & Sons, Inc.*, 260 N.C. 717, 133 S.E. 2d 644 (1963).

Defendant was in the appraisal business and was soliciting and performing appraisal work in North Carolina. It was thus transacting and performing in this State the business for which it was created. See *Harrington v. Steel Products, Inc.*, 244 N.C. 675, 94 S.E. 2d 803 (1956), and *Lambert v. Schell*, 235 N.C. 21, 69 S.E. 2d 11 (1952). The findings of fact, interpreted in the light of the evidence in this case, show that the activities of the defendant in North Carolina, have been continuous and systematic for several years beginning in 1963. *Equipment Co. v. Equipment Co., supra.* We do not agree with defendant's contention that under the factual situation here, the provisions of G.S. 55-131 exclude it from the operation of the provisions of G.S. 55-144.

Since the defendant does not contend that it has a process agent in North Carolina, service on the Secretary of State is sufficient to bring the defendant into court. G.S. 55-144; G.S. 55-146; *Babson v. Clairol, Inc.*, 256 N.C. 227, 123 S.E. 2d 508 (1962).

**[4]** Defendant also contends that it is not amenable to jurisdiction in North Carolina under the provisions of G.S. 55-145(a)(1), which reads as follows:

"(a)  Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1)  Out of any contract made in this State or to be performed in this State; or * * *."

We think that the provisions of G.S. 55-145(a)(1) are also applicable to the factual situation in this case. Even if it should be conceded for the sake of argument that the defendant was not transacting business in this State, the contract made in the State of Illinois between the plaintiff and the defendant was to be substantially performed in the State of North Carolina. The fact that defendant rented and maintained an office for the use of plaintiff is a clear indication that the contract between plaintiff and defendant was to be substantially performed in North Carolina.

[5]  The foregoing statute, G.S. 55-145(a)(1), clearly provides a means for bringing the defendant foreign corporation into the courts of this State. We are of the opinion and so hold that the applicability of G.S. 55-145(a)(1) is consistent with the Federal requirements of due process. In this case, the minimum contacts necessary to the jurisdiction of the North Carolina courts do exist. *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L. Ed. 95 (1945). See also *Shepard v. Manufacturing Co.,* 249 N.C. 454, 106 S.E. 2d 704 (1959).

In *Byham v. House Corp.,* 265 N.C. 50, 143 S.E. 2d 225 (1965), the action was for damages for a breach of contract by a foreign corporation, and it was held that the requirements of G.S. 55-145(a)(1), subjecting such corporation to suit in North Carolina, were met. The Court pointed out that the contract not only designated the place of performance but also limited its performance to the Durham area. The Court gave a list of several factors to be considered in determining whether the test of "minimum contacts" and "fair play" had been met in order to obtain *in personam* jurisdiction over a foreign corporation. Applying the rules set out in *Byham,* we are of the opinion that the facts in this case show substantial contacts within this State. The defendant's business was a continuing one. A substantial portion of the plaintiff's alleged cause of action arose out of these substantial contacts within the State. See *Perkins v. Benguet Consol. Min. Co.,* 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413; *International Shoe Co. v. Washington, supra.*

[6]    Appellant contends in its third exception that the summons was not sufficient to give the court jurisdiction of defendant, in that, it did not direct the sheriff to summon the defendant. We do not agree. The summons, in pertinent part, reads as follows:

"To the Sheriff of Wake County, North Carolina—GREETING: YOU ARE COMMANDED TO SUMMON the following named to appear and answer the Complaint of the plaintiff, and the manner of your service shall be the delivery of copies of this Summons and of the Complaint, personally to: Secretary of State, State of North Carolina

|  Defendant                     |  Address                |
| ------------------------------ | ----------------------- |
| Coats & Burchard Company       | 4413 Ravenswood Avenue  |
|                                | Chicago, Illinois       |

LET EACH DEFENDANT TAKE NOTICE that, within THIRTY DAYS after the service of this Summons, a written Answer to the Complaint must be filed at the office of the undersigned Clerk, or such other defense asserted as the law allows or prescribes, and that if no appropriate response is made within that time, the plaintiff will apply to the Court for relief demanded in the Complaint."

Defendant cites the case of *Distributors v. McAndrews,* 270 N.C. 91, 153 S.E. 2d 770 (1967). *Distributors* is distinguishable from the case before us. In *Distributors* the summons, which was held to fail to give the court jurisdiction of the defendants, in pertinent part required the sheriff to summon the Commissioner of Motor Vehicles of the State of North Carolina "as process agent for" the named defendants and did not command the sheriff to summon the defendants. The case of *Russell v. Manufacturing Co.,* 266 N.C. 531, 146 S.E. 2d 459 (1966), cited by appellant, is also distinguishable from the case before us. In *Russell,* the summons, which was held improper, required the sheriff to summon the "local agent" of the corporate defendant and did not command the sheriff to summon the defendant.

We think a correct interpretation of the language used in the summons in this case is that the sheriff was commanded to summon the defendant named therein, Coats & Burchard Company, by delivering a copy of the summons and complaint to the Secretary of State. Although we do not consider the summons herein to be a model one, we hold that it was sufficient in form and content to comply with the provisions of G.S. 1-89 (the applicable statute in effect at the time of the issuance and service of this summons). G.S. 1-89 was repealed effective 1 January 1970, and statutory authority relating to the

content of a summons is now contained in G.S. 1A-1, Rule 4. The parties stipulated that "the Summons was issued on May 12, 1969, served on the Secretary of State of North Carolina on May 14, 1969, and the Summons and a copy of the Complaint were duly forwarded by the Secretary of State to the Defendant by registered mail." It does not appear that there was a failure to comply with the provisions of G.S. 55-146. Moreover, the defendant received actual notice of the action.

Defendant's fourth exception is to the signing and entry of the order. We fail to find any merit in this exception.

We conclude, therefore, that the summons is valid and that the State court has jurisdiction over the defendant herein under the provisions of G.S. 55-144 and also by virtue of the provisions of G.S. 55-145.

The order of Judge Copeland is

Affirmed.

MORRIS and VAUGHN, JJ., concur.