Philpott v. Kerns

---

VIOLA H. PHILPOTT v. ALLEN F. KERNS AND JEAN KERNS

No. 7314SC342

(Filed 11 July 1973)

1. Process § 2— strict compliance with statutory requirements
    Statutory provisions prescribing the manner of service of process must be strictly complied with or there is no valid service.

2. Process § 16— nonresident motorist — service on Commissioner of Motor Vehicles — defective summons
    Purported service of process on nonresident motorists through the Commissioner of Motor Vehicles was invalid where the summons failed to designate the defendants as parties to be served and failed to command the process officer to summon them.

**3. Appearance § 2— enlargement of time to file answer — no general appearance**

Enlargement of time obtained by defendants in which to file answer or other pleadings did not constitute a general appearance to confer jurisdiction over the persons.

APPEAL by plaintiff from *Bailey, Judge,* 11 December 1972 Session of Superior Court held in DURHAM County.

This is a civil action in which complaint was filed 6 October 1972 to recover damages for personal injuries sustained in an automobile collision which occurred 8 October 1969 in Durham, North Carolina. It was alleged in the complaint that the plaintiff is a citizen of North Carolina and the defendants are citizens of Florida.

On the summons which was issued on 6 October 1972 the following appears:

"To each of the defendants named below—GREETING:

| *Defendant* | *Address* |
|---|---|
| Serve Commissioner of Motor Vehicles | Department of Motor Vehicles, Raleigh, North Carolina" |

In the section of the summons provided for "Return of Service" it is recited that summons and complaint were served on the Commissioner of Motor Vehicles on 16 October 1972.

Upon motion on 15 November 1972 defendants were granted an enlargement of time to 5 December 1972 in which to answer or otherwise plead. On 1 December 1972 the defendants filed motion to dismiss under Rule 12(b) asserting that process was insufficient and that the court did not acquire jurisdiction over the persons of the defendants under such process.

The court granted the defendants' motion to dismiss, and plaintiff moved to vacate the judgment of dismissal on the ground that defendants had entered a general appearance on 15 November 1972 when an order enlarging the time within which to file pleadings had been obtained. The motion to vacate was denied.

From the judgment of dismissal, plaintiff appealed.

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson II and W. W. Perry for plaintiff appellant.*

*Haywood, Denny & Miller, by George W. Miller, Jr., for defendant appellees.*

Campbell v. Campbell

BALEY, Judge.

[1] Statutory provisions prescribing the manner of service of process must be strictly complied with, and, unless the procedural requirements are followed, there is no valid service. *Distributors v. McAndrews,* 270 N.C. 91, 153 S.E. 2d 770; 62 Am. Jur. 2d, Process, § 68, p. 848.

[2] It seems clear that the summons issued in this case was defective on its face in that it fails to designate the defendants as parties to be served and fails to command the process officer to summon them. The precise point in question was determined adversely to plaintiff in *Distributors v. McAndrews, supra.*

[3] The enlargement of time obtained by defendants did not constitute a general appearance to confer jurisdiction over the persons. *Leasing, Inc. v. Brown,* 14 N.C. App. 383, 188 S.E. 2d 574; *Williams v. Hartis,* 18 N.C. App. 89, 195 S.E. 2d 806.

Plaintiff in her brief for the first time suggests amendment of process under Rule 4(i), Rules of Civil Procedure. Any amendments of process at this time would prejudice substantial rights of the defendants.

Judgment entered in the court below is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.