CARL ROSE & SONS READY MIX CONCRETE, INC. v. THORP SALES CORPORATION

No. 7623SC46

(Filed 18 August 1976)

Process §§ 1, 5; Rules of Civil Procedure § 4— action against corporation — summons directed to individual — jurisdiction — amendment of summons

Where the summons in an action against Thorp Sales Corporation was directed to a named individual as agent for "Executive Square— Thorp Commercial Corporation," the court acquired no jurisdiction over defendant Thorp Sales Corporation, default judgment entered against

Ready Mix Concrete v. Sales Corp.

such defendant is void, and the court was not authorized by G.S. 1A-1, Rule 4(i) to permit plaintiff to amend the summons. G.S. 1A-1, Rule 4(b).

APPEAL by defendant from *McConnell, Judge.* Order entered 10 November 1975 in Superior Court, YADKIN County. Heard in the Court of Appeals 5 May 1976.

Plaintiff instituted this action on 27 December 1973 to recover damages for breach of contract from defendant Thorp Sales Corporation. When the complaint was filed, a summons was issued on which the following appears:

"STATE OF NORTH CAROLINA          In the General Court
COUNTY OF YADKIN                  of Justice, Superior
                                  Court Division

Carl Rose & Sons Ready Mix
Concrete, Inc.
        Against
Thorp Sales Corporation

STATE OF NORTH CAROLINA

        To each of the defendants named below—GREETING:
            Defendant                      Address

Brion McDermott agent for      Executive Square—
Thorp Commercial Corpora-      Greensboro, N. C.
tion

        YOU ARE HEREBY SUMMONED AND NOTIFIED to appear and answer to the above entitled civil action as follows: a written Answer to the Complaint must be served upon the plaintiff or his attorney within THIRTY DAYS after the service of this Summons and a copy thereof must be filed at the office of the undersigned clerk. If you fail to do so, the plaintiff will apply to the court for the relief demanded in the Complaint."

On the section of the summons provided for "Return of Service" it is recited that a summons and complaint were served "on Thorp Commercial Corporation on the 10th day of January, 1974, at the following place: 2722 Church Street, 2:57 p.m. By: X leaving copies with Brion McDermott, Agent."

On 27 March 1974 an entry of default was entered against the defendant, Thorp Sales Corporation. Judgment by default

was entered on 15 November 1974. Thereafter execution was issued on the judgment, and as a result thereof the defendant Thorp Sales Corporation was forced to pay to the Sheriff of Gaston County the sum of $6,227.37.

Defendant Thorp Sales Corporation filed a motion on 11 September 1975, pursuant to Rules 12 and 60 of the North Carolina Rules of Civil Procedure, asking the court to set aside the Entry of Default and judgment and to dismiss the action on grounds of lack of jurisdiction over the defendant, insufficiency of process, and insufficiency of service of process. Defendant also moved for return of the money collected from it pursuant to the Judgment. On 26 September 1975 plaintiff, pursuant to Rule 4(i) of the Rules of Civil Procedure, moved to amend the summons by striking "Brion McDermott, agent for Thorp Commercial Corporation" under defendant, and substituting in lieu thereof the name "Thorp Sales Corporation, Brion McDermott, Agent." Following a hearing, the Court entered its order on 10 November 1975 denying defendant's motion to set aside the judgment and allowing plaintiff's motion to amend the summons. Defendant appealed.

*Finger & Parker by Raymond A. Parker II and Daniel J. Park for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by William C. Raper for defendant appellant.*

PARKER, Judge.

"For a court to give a valid judgment against a defendant, it is essential that jurisdiction of the party has been obtained by the court in some way allowed by law. When a court has no authority to act, its acts are void." *Russell v. Manufacturing Co.,* 266 N.C. 531, 534, 146 S.E. 2d 459, 461 (1966). The contents required in a summons are set out in G.S. 1A-1, Rule 4(b), and one of the essential requirements is that the summons "shall be directed to the defendant or defendants and shall notify each defendant to appear and answer." The summons issued in the present case fails to comply with this requirement. It is not directed to the defendant, Thorp Sales Corporation, and does not notify defendant to appear and answer. The court acquired no jurisdiction over defendant and the default judgment entered against defendant is void. *Philpott v. Kerns,* 285 N.C. 225, 203 S.E. 2d 778 (1974) ; *Distributors v. McAndrews,* 270

N.C. 91, 153 S.E. 2d 770 (1967) ; *Russell v. Manufacturing Co.,*
266 N.C. 531, 146 S.E. 2d 459 (1967).

The broad discretionary power given the court by G.S.
1A-1 Rule 4 (i) to "allow any process or proof of service thereof
to be amended, unless it clearly appears that material prejudice
would result to substantial rights of the party against whom
the process issued," does not extend so far as to permit the
court by amendment of its process to acquire jurisdiction over
the person of a defendant where no jurisdiction has yet been
acquired. *See Distributors v. McAndrews, supra.* A defendant
"cannot, in this short-hand manner by amendment, be brought
into court without service of process." *Plemmons v. Improve-
ment Co.,* 108 N.C. 614, 615, 13 S.E. 188 (1891).

The order appealed from is

Reversed.

Judges MORRIS and MARTIN concur.