PeaesoN, J.
 

 There are exceptions to every general rule, and we think that an exception is at last presented by the present case to the rule which has grown up in the construction of our statute of amendments, i. e.,
 
 “
 
 the Court has power to amend any thing at any time.”
 

 The case falls under the first class set out in
 
 Phillipse
 
 v. Higdon, Bus. Rep. 380, “ every court has ample power to permit amendments in the process and pleadings of any suit
 
 pending before itP
 
 So, if this be an amendment, the Court has power to make it. But it is not an amendment. The effect of the order is to make, and not to- amend, this process. We put our decision on the ground, that whenever it is necessary to issue
 
 nemo
 
 process to bring in a
 
 new
 
 defendant, the operation amounts to something which exceeds an amendment, in the broadest signification in which the word has ever been used.
 

 Among the great number of cases on the subject of amendment in our reports, it is no where decided, or intimated, that the Court has power to issue new. process. See the confusion that would result: The new defendant must make “ defense” and enter his pleas. This he does at the term in which he is brought in; of course he cannot be required to do it
 
 nunc pro twnc.
 
 No fiction can effect that. So, there are distinct and unconnected pleadings at different times in the same suit; to say nothing of the fact, that the defendant, who is already in, must be made'to stand by until the new man can be arrested and brought in.
 

 
 *298
 
 But again: the issuing of a writ is the commencement of a suit; consequently, the suit, as against the different defendants, is commenced at different times, and the pleas and orders in this “ double headed monster,” will be of different dates, unless the power of the Court can be stretched so far as to malee the new defendant “ consider himself” as having been sued^mme
 
 pro tuno.
 
 It was not the intention of the Legislature to confer upon the courts the power to produce such a legal absurdity. We concur in opinion with his Honor.
 

 PeR CukiaM, Judgment affirmed.