## W. H. BRAY v. W. B. CREEKMORE.

*Amendment—Parties—Penalty—Sheriff—County Commissioners—Statute of Limitations.*

1. Judgments of the trial Court permitting lost pleadings to be substituted, or pleadings to be amended by striking out the name of a party plaintiff, are not reviewable.
2. The amendment of a pleading, by the mere change of the name of a party, unlike the insertion of a new cause of action, is not affected by the statute of limitations.
3. Where the amendment is merely formal, there is no necessity for service of the amended summons or complaint, but the Court may order such service to be made.
4. Where the amendment brings in a new defendant, he should be served with proper process.
5. A member of a Board of County Commissioners is liable for the penalty prescribed in § 711 of *The Code,* for failure of the Board to declare the office of Sheriff vacant, and fill the same, when such Sheriff has not complied with the requirements of the statutes (*The Code,* §§ 2070, 3685), in respect to the renewal of his official bonds and accounting for public moneys received by him.

This is a CIVIL ACTION, which was tried upon the pleadings—substantially the same as those in *Bray* v. *Barnard, ante* 44—at Fall Term, 1891, of CURRITUCK Superior Court, *Brown, J.,* presiding.

The portions of the complaint referred to in the opinion are as follows:

"5. That said Barnard, Sheriff as aforesaid, was required to renew his bonds annually, and on the 1st day of December, 1889, and produce his receipts, as set out in § 2070 of *The Code* of North Carolina, which he failed to do, thereby creating a vacancy in said office of Sheriff of said county, by act and operation of law, and the said Board of Commissioners and the defendant, as a member thereof, was required to fill said vacancy by appointment, as required by § 720 of

109 — 4

*The Code* of North Carolina, which said Board and this defendant, as a member thereof, failed and neglected to do, in violation of said § 720 of said *Code*, and this defendant thereby became liable for the penalty of two hundred dollars and indebted to this plaintiff for same, he having brought suit for same, according to § 711 of *The Code* aforesaid.

7. That said J. E. Barnard, Sheriff as aforesaid, failed to collect and settle the taxes of said county upon the tax-list placed in his hands to collect, for the year 1888, or produce his receipts for same, or give the bonds required by law, before he received the tax-list from said Board to collect the taxes for the year 1889, and the said Board permitted said Barnard to receive and collect the taxes for the year 1889 for said county before said Barnard, Sheriff as aforesaid, had settled the taxes for the previous year, or had produced his receipts for same, or had given the bonds required, as provided by § 3685 of said *Code* of North Carolina, and said Board of Commissioners and the defendant, as member thereof, failed and neglected to appoint a tax-collector, as provided by said § 3685 of said *Code*, and permitted said Barnard to receive the tax-list for said Currituck County for the year 1889, and collect the taxes of said county for said year, without requiring him to perform his duties as aforesaid, as required by law, and failed and neglected to appoint a tax-collector, as provided by said § 3685 of said *Code*, and by reason of said failure and neglect, this defendant became liable to a penalty of two hundred dollars, and same is due this plaintiff, as provided in § 711 of *The Code* of North Carolina."

The other facts, material, are stated in the opinion.

There was judgment for plaintiff, from which defendant appealed.

*Mr. E. F. Aydlett*, for plaintiff.
*Mr. W. B. Shaw*, for defendant.

CLARK, J.:

1. The action was brought "State on relation of W. H. Bray" against the defendant. On motion, the words "State on relation of" were stricken out of summons and complaint, and defendant excepted. Such amendment rested in the discretion of the trial Judge, and is not appealable. *Brown* v. *Mitchell*, 102 N. C., 347; *Maggett* v. *Roberts*, 108 N. C., 174. In both these cases the amendment was identical with that here objected to.

2. The complaint having been lost, the defendant asked that the action be dismissed. The plaintiff asked to file another complaint in lieu of that which had been lost. The Court refused defendant's motion and granted the motion of the plaintiff. The defendant excepted. The action of the Judge in allowing new pleadings to be filed in place of those lost is not reviewable.

3. The facts alleged in sections 5 and 7 of the complaint were not denied, and subjected the defendant to the penalties sued for. *The Code*, § 711. By consent the order was made in vacation as of Fall Term, 1890, which was within less than a year after those causes of action accrued (*The Code*, § 156 [2]); but, were it otherwise, the amendment was merely of the name of the party, not the insertion of a new cause of action, as was the case in *Hester* v. *Mullen*, 107 N. C., 724, and therefore, unlike the latter case, the statute of limitations is not affected by the amendment. We may also note, that when the amendment is merely formal, as here, no necessity arises for the service of the amended summons or complaint. If the amended summons adds a new defendant, it must be served on such defendant (*Plemmons* v. *Improvement Co.*, 108 N. C., 614), and where the amended complaint touches a matter of substance, the Judge may order it to be served on the defendant. Here the motion disclosed the nature and extent of the amendment asked, and when granted, the defendant could derive

no benefit from service anew of the summons and complaint with merely the words "State on relation of" stricken out of them.

Affirmed.