VIOLA PHILPOTT v. ALLEN F. KERNS AND JEAN KERNS

No. 42

(Filed 10 April 1974)

1. Process § 16— nonresident motorists — service through Commissioner of Motor Vehicles — defective summons

The summons in an action against nonresident motorists was patently defective where it was not directed to defendants but to the Commissioner of Motor Vehicles, who was "summoned and notified to appear and answer" the complaint within thirty days after service. G.S. 1-105; G.S. 1A-1, Rule 4(c).

2. Appearance § 2; Rules of Civil Procedure §§ 4, 12— securing extension of time to plead — general appearance — waiver of service of summons

Defendants made a general appearance, thereby submitting themselves to the court's jurisdiction and obviating the necessity of any service of summons, when they secured an enlargement of time in which to plead before asserting their defense that the court had obtained no jurisdiction over their persons by answer or pre-answer motion as provided by G.S. 1A-1, Rule 12(b), (g), and (h)(1).

ON *certiorari*, granted upon plaintiff's petition, to review the decision of the Court of Appeals (18 N.C. App. 663, 197 S.E. 2d 595 (1973), affirming the judgment of *Bailey, J.*, 11 December 1972 Session of DURHAM, docketed and argued in the Supreme Court as Case No. 79 at the Fall Term 1973.

Plaintiff filed this action on 6 October 1972 to recover damages for personal injuries allegedly sustained in Durham, North Carolina, on 8 October 1969 in a collision between her automobile and an automobile owned by defendants, citizens and residents of Florida, and operated by the male defendant. At the time the complaint was filed "Civil Summons" was issued in words as follows:

"STATE OF NORTH CAROLINA
County of Durham

Viola H. Philpott
　　　Against
Allen F. Kerns and Jean Kerns

STATE OF NORTH CAROLINA

　　"To each of the defendants named below—

GREETING:

| Defendant | Address |
|---|---|
| Serve Commissioner of Motor Vehicles | Department of Motor Vehicles, Raleigh, North Carolina |

"YOU ARE HEREBY SUMMONED AND NOTIFIED to appear and answer to the above entitled civil action as follows: a written answer to the complaint must be served upon the plaintiff's attorney within THIRTY DAYS after the service of this summons and a copy thereof must be filed at the office of the undersigned clerk. If you fail to do so, the plaintiff will apply to the court for the relief demanded in the complaint.

　　"Issued at 11:15 o'clock a.m., this 6 day of October 1972.

W. W. PERRY

| | |
|---|---|
| W. W. Perry, Plaintiff's Attorney Post Office Box 884, Durham, N. C. Address" | SARAH W. GARNER Deputy Clerk of Superior Court" |

The sheriff made the following "Return of Service" upon the summons:

"I certify that this summons was received on the 16 day of October 1972, and together with the complaint was served as follows:

"On J. W. Garrett, Comm. of Mtr. Veh (Defendant) on the 16th day of October 1972, by leaving a copy with Becky Watkins at the following place: Dept. Mtr Vehicles Office—Sec.

> Robert J. Pleasants, Sheriff of Wake County, N. C.
>
> By: A. E. HADDOCK, Deputy
> Date: 16 October 1972"

Upon motion of counsel, on 15 November 1972, defendants obtained from the court a twenty-day extension of time in which to answer or otherwise plead. A copy of this order was mailed to plaintiff's attorney.

On 1 December 1972 defendants filed a motion under G.S. 1A-1, Rule 12(b)(2), (4), and (5) to dismiss the action for lack of jurisdiction over the person of defendants because of insufficiency of process and insufficiency of service of process. They also moved under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. On 12 December 1972 Judge Bailey allowed the motion to dismiss upon the grounds that defendants had not been properly served with summons and the court, therefore, lacked jurisdiction over the person of defendants. Thereafter plaintiff moved to vacate the judgment of dismissal on the grounds that defendants had made a general appearance in the action by procuring an extension of time to plead and that, by virtue of G.S. 1-75.7, the court had jurisdiction of the action even though summons had not been served upon them. Judge Bailey denied the motion to vacate and plaintiff appealed.

The Court of Appeals held that the summons was patently defective; that valid service had not been made upon defendants; that defendants had not made "a general appearance to confer jurisdiction" by obtaining an enlargement of time to plead. It affirmed the trial court's judgment dismissing the action. We allowed plaintiff's petition for certiorari.

*Pearson, Malone, Johnson & DeJarmon by W. G. Pearson II and W. W. Perry for plaintiff appellant.*

*Haywood, Denny & Miller by George W. Miller, Jr., for defendant appellees.*

SHARP, Justice.

[1] The Court of Appeals correctly held that the court acquired no jurisdiction over defendants by the service of the summons issued in this case upon the Commissioner of Motor Vehicles. Under G.S. 1-105 (1973 Supp.) in any action for damages against a nonresident which grows out of his operation of a motor vehicle upon the public highways of this State summons may be served upon the nonresident by leaving a copy thereof with the Commissioner of Motor Vehicles and transmitting a copy to the defendant by registered mail. The required contents of a summons are set out in G.S. 1A-1, Rule 4(c), and one of the essential requirements is that the summons "shall be directed to the defendant or defendants."

This summons was patently defective in that it was not directed to defendants but to the Commissioner of Motor Vehicles, who was "summoned and notified to appear and answer" the complaint within thirty days after service. The contents of this summons do not differ materially from the one which we considered in *Distributors v. McAndrews,* 270 N.C. 91, 153 S.E. 2d 770 (1967). In *Distributors* we said:

"The provisions [of G.S. 1-105] are in derogation of the common law and must be strictly complied with. . . . 'Actual notice given in any manner other than that prescribed by the statute cannot supply constitutional validity to it or to service under it.'" *Id.* at 94, 153 S.E. 2d at 772. . .

"They [defendants] did not make a general appearance, and summoning the Commissioner of Motor Vehicles was of no avail. Thus the court obtained no jurisdiction of the persons of the defendants." *Id.* at 97, 153 S.E. 2d at 774.

G.S. 1-105 as presently written became effective 1 January 1970. However, differences in the wording of the statute before and after that date are not material here. The decision in *Distributors* states the law applicable to the summons in this case. There is, however, a material difference between the facts in *Distributors* and the facts of this case.

[2] Defendants in this case, before asserting their defense that the court had obtained no jurisdiction over their persons by answer or pre-answer motion as provided by Rule 12(b), (g), and (h) (1), secured an enlargement of time in which to plead. By so doing they made a general appearance, thereby submitting themselves to the court's jurisdiction and obviating the necessity of any service of summons. *Simms v. Mason's Stores, Inc.* (decided contemporaneously herewith), *ante,* 145, 203 S.E. 2d 769 (1974).

The Superior Court erred in dismissing this action for want of jurisdiction over the person of defendants. The decision of the Court of Appeals affirming its judgment is

Reversed.