BEADIE FULTON STONE v. J. O. HICKS, D/B/A HICKS' PHARMACY, AND
HENRY JACKSON FOWLER

No. 7921SC478

(Filed 5 February 1980)

**Rules of Civil Procedure § 4— summons directed to wrong person—no valid service**

Summons delivered to each of two defendants directing the other defendant rather than the defendant to whom delivered to appear and answer were fatally defective, and no jurisdiction over defendants was obtained, even if both defendants did have actual notice of the lawsuit.

APPEAL by plaintiff from *Walker (Hal H.), Judge.* Judgment entered 8 January 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 January 1980.

Plaintiff instituted this action on 23 May 1978, two days before the action would have been barred by the statute of limitations. Summons was issued and the sheriff of Stokes County made returns indicating service upon each defendant. The return as to defendant Fowler stated service upon him was made by leaving a copy with his wife, a person of suitable age and discretion who resides in the defendant's dwelling house.

Defendant Fowler filed motion to dismiss for insufficiency of service on 21 June 1978 and defendant Hicks filed a similar motion on 26 June 1978. Plaintiff filed a response to the motions on 10 July 1978. On 19 September 1978 defendant Fowler filed an affidavit by himself and one by his wife, stating that when defendant's wife was served he was in the hospital and that the summons was directed to "J. C. Hicks, Hicks' Pharmacy, North Main Street, Walnut Cove, N.C." Hicks filed an affidavit 6 October 1978 stating that the only summons delivered to him is directed to "Henry Jackson Fowler, Post Office Box 38, Walnut Cove, North Carolina." All three affidavits stated no other summons, alias or pluries, had been served upon either defendant.

Upon hearing the motions to dismiss, Judge Hal Hammer Walker allowed both motions and entered an order dismissing the action as to both defendants. Plaintiff appeals.

*Victor M. Lefkowitz for plaintiff appellant.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Kenneth R. Keller and Joseph E. Elrod III, for defendant appellee Hicks.*

*Hudson, Petree, Stockton, Stockton & Robinson, by J. Robert Elster and John F. Mitchell, for defendant appellee Fowler.*

MARTIN (Harry C.), Judge.

We hold the order of Judge Walker must be sustained. While it is true that the conduct of a lawsuit is not a game between counsel, process must be sufficient in order to give the court jurisdiction over the parties. Defendants made their motions for dismissal well within the time in which alias and pluries summons could be issued. No additional summons was issued.

Rule 4(b) of the North Carolina Rules of Civil Procedure requires that summons "shall be directed to the defendant or defendants and shall notify each defendant to appear and answer within 30 days after its service upon him . . .." N.C. Gen. Stat. 1A-1, Rule 4(b). Our Supreme Court has held compliance with statutory rules for service is necessary to obtain valid service. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977). The summons issued are a part of the record on appeal. The copy of the summons delivered to defendant Fowler directed the defendant Hicks to appear and answer; the copy of the summons delivered to defendant Hicks directed the defendant Fowler to appear and answer. This was not service in accord with the statutory rules. N.C. Gen. Stat. 1A-1, Rule 4(j)(1)(a). Although both defendants may have had actual notice of the lawsuit,[1] such notice cannot supply constitutional validity to service unless the service is in the manner prescribed by statute. *Distributors v. McAndrews*, 270 N.C. 91, 153 S.E. 2d 770 (1967).

Defendants have carried the burden by three affidavits to overcome the sheriff's returns. *Kleinfeldt v. Shoney's, Inc.*, 257 N.C. 791, 127 S.E. 2d 573 (1962). Also, the summons with the returns of the officer are set out in the record on appeal and are

---

1. The record on appeal indicates the summons delivered to defendant Fowler was transmitted to the Greensboro claim office of St. Paul Fire & Marine Insurance Company on 7 June 1978 and both defendants promptly filed motions to dismiss by counsel.

patently defective. *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974).

*Neal-Millard Company v. Owens*, 115 Ga. 959, 42 S.E. 266 (1902), is a case with very similar facts. There plaintiff filed petition against Hampton J. Herb and Mrs. Mary H. Owens. Process was served on Mrs. Mary H. Owens that directed Hampton J. Herb and Ed. L. Prince to appear and answer. Mrs. Owens filed a motion to vacate the service of process, which was allowed by the trial court. On appeal, the Georgia Supreme Court affirmed, the court stating that service upon a defendant of process commanding someone else to appear in court is no process at all as to the defendant and he would have the right to utterly disregard it.

We are aware of *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978). *Wiles* dealt with the narrow question of service of process upon a corporate defendant where a registered agent is involved. We hold *Wiles* does not apply to the facts in this case where jurisdiction is sought over individual natural persons.

Plaintiff's counsel in his response to defendants' motions to dismiss states he is informed and believes that the sheriff served process on defendant Fowler's wife by delivering a copy of the summons to her at the hospital where defendant Fowler was a patient, rather than at defendant Fowler's dwelling house. We consider this a judicial admission. Such attempted service on defendant Fowler being made at the hospital rather than his dwelling house or usual place of abode fails to comply with N.C.G.S. 1A-1, Rule 4(j)(1)(a), and is invalid.

We hold the summons served on defendants are fatally defective and no jurisdiction over the defendants was obtained.

Plaintiff contends the trial judge erred by failing to find facts. He was not required to so do and plaintiff failed to request that the court find facts in its order. N.C. Gen. Stat. 1A-1, Rule 52(a)(2). It is presumed that the trial court on competent evidence found facts sufficient to support the order. *Williams v. Bray*, 273 N.C. 198, 159 S.E. 2d 556 (1968).

Plaintiff further argues that amendment of the summons should have been allowed and that defendants are estopped to question the validity of service upon them. The record does not support these arguments and we find no merit in them.

The order of the trial court dismissing plaintiff's action is Affirmed.

Judges VAUGHN and WEBB concur.