JAE KYU PARK v. SLEEPY CREEK TURKEYS, INC., A NORTH CAROLINA COR-
PORATION; "RED" WILLIFORD; ELMO LONG; KATSUYA GOTO; HIRO
NAKANO; AND AMERICAN CHICK SEXING ASSOCIATION, D/B/A AM-
CHICK

No. 8210SC187

(Filed 1 February 1983)

1. Process § 1.1; Rules of Civil Procedure § 4— service of process on sole pro-
prietorships — defective

Service of process was defective where plaintiff failed to comply with the mandatory requirements of G.S. 1A-1, Rule 4(j)(1) for service of process on a sole proprietorship, and attempted service instead on defendant as an associa- tion under G.S. 1A-1, Rule 4(j)(8). Defendant, its assumed name to the contrary notwithstanding, was not an "unincorporated association" but was a sole pro- prietorship owned and operated by one person. The fact that that person signed the registered mail receipt and thereafter acquired actual notice of the lawsuit did not remedy the failure of plaintiff to address the complaint and summons to the owner personally as required by Rule 4(j)(1).

2. Process § 9.1— minimum contacts—finding of lack of jurisdiction unsupported

The trial judge erred in dismissing plaintiff's action for lack of personal jurisdiction where there was ample evidence of "minimum contacts" between defendant and North Carolina in that there were two longstanding contracts between defendant and North Carolina hatcheries, performance of the con- tracts had been over a twelve year period, and the payment arrangements called for by the contract were such that periodic payments of plaintiff's earn- ings were routed from North Carolina to defendant and subsequent payment by defendant to plaintiff in North Carolina. G.S. 1-75.4.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 12 November 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 11 January 1983.

This is a civil action arising out of the allegedly wrongful interference with and termination of a contract between plaintiff Jae Kyu Park (hereinafter "Park") and David K. Nitta, trading as American Chick Sexing Association (hereinafter "Amchick"). Park's first cause of action is based upon injurious falsehood, slander, and alleged tortious interference by the other named defendants with Park's contractual relationship with defendant Amchick. Park's second cause of action is based upon defendant Amchick's alleged wrongful breach of its contractual relationship with Park, which consisted of defendant Amchick's alleged wrongful and unlawful discharge of Park. Defendant Amchick filed a motion to dismiss on grounds of failure to state a claim on which relief can be granted, lack of personal jurisdiction, insufficiency of process and of service of process, and *forum non conveniens.*

Execution of the contract between Park and Amchick and the subsequent performance of the duties and obligations recited therein form the basis for this assertion of jurisdiction over defendant Amchick by the courts of North Carolina.

On or about 17 December 1979, Park and "David K. Nitta trading as AMERICAN CHICK SEXING ASSOCIATION" entered into a "Subcontractor's Agreement." Paragraph 14 of the agreement states it ". . . shall become binding upon being signed by Subcontractor and accepted by Amchick and being mailed to Subcontractor." The agreement was signed by Park, accepted by David K. Nitta, Directing/Executive Manager for defendant Amchick, and was mailed to Park shortly thereafter.

· The agreement recites that Amchick has entered into contracts with hatcheries in the "Raleigh, N.C. Area" and that Park "desires to subcontract the aforesaid hatchery contracts." Defendant Amchick is obligated by paragraph 3 to "transfer(s) and assign(s)" and Park is obligated to "accept(s)" hatchery contracts for the Raleigh area. It describes the monetary consideration Park should receive under the terms of the agreement, states that Park "shall be bound by and responsible for the faithful performance and completion of each hatchery contract accepted by

him or which he is obligated to accept . . .", and authorizes Amchick to "deduct, retain or otherwise procure from (Park's) chick sexing fees paid or payable by hatchery, 10% of the said fees, and, if deemed necessary by Amchick, an additional 20% thereof" in lieu of a commercial performance bond.

Park worked under this and similar subcontractor's agreements from March of 1968 until 13 January 1981, and at the Sleepy Creek Turkey Hatchery in Goldsboro, North Carolina, from March of 1969 until 13 January 1981 when he was advised by Amchick not to return to work. While Park worked at Sleepy Creek, he was paid for his services by Amchick, which, having been paid by Sleepy Creek, deducted its commission and remitted the balance to Park.

On 14 January 1981, Amchick managers Roth and Okazaki telephoned Park at his home in Garner, North Carolina, to tell him that he could no longer work as a sexor at Sleepy Creek Turkey Hatchery because he made too many mistakes. Several calls were exchanged on 14 and 15 January between Park and Amchick managers Roth and Okazaki.

The trial judge granted defendant Amchick's motions to dismiss for lack of personal jurisdiction, for insufficiency of process, and for insufficiency of service of process and plaintiff appealed.

*Bode, Bode & Call by Robert V. Bode and Howard S. Kohn for the plaintiff-appellant.*

*Moore, Van Allen and Allen by Charles D. Case and Dean M. Harris, for defendant-appellee American Chick Sexing Association, d/b/a Amchick.*

EAGLES, Judge.

Two issues are raised in this appeal—(1) whether defendant Amchick was properly served with process in this action and (2) whether there are sufficient minimum contacts with this State to authorize *in personam* jurisdiction over defendant as a function of our long arm statute, G.S. 1-75.4, and as a matter of constitutional due process.

## I.

[1]  Plaintiff contends that service of process is adequate because actual notice of the lawsuit was received by D. K. Nitta. We hold that service of process was defective in that plaintiff Park failed to comply with the *mandatory* requirements of G.S. 1A-1, Rule 4(j)(1) for service of process on a sole proprietorship, and attempted service instead on Amchick as an association under G.S. 1A-1, Rule 4(j)(8). American Chick Sexing Association, its assumed name to the contrary notwithstanding, is not an "unincorporated association" but is a sole proprietorship owned and operated by David K. Nitta. This is apparent from the first two lines of the printed "Subcontractor's Agreement" which was signed by plaintiff Park and which is at the heart of this dispute.

> This agreement is made in Lansdale, Pennsylvania by and between *David K. Nitta* trading as AMERICAN CHICK SEXING ASSOCIATION (hereinafter called "Amchick") and Jae Kyu Park (hereinafter called "Subcontractor"). (Emphasis added.)

Plaintiff does not dispute the fact that defendant Amchick, though operating under an assumed name and being called an association, is not an association. But defendant Nitta, trading as Amchick, did not receive service of process as required under Rule 4(j)(1) "[B]y delivering a copy of the summons and of the complaint to him or by leaving copies at the defendant's dwelling house or usual place of abode. . . ." The complaint and summons were sent by registered mail addressed to George Okazaki, executive manager of Amchick. The fact that D. K. Nitta signed the registered mail receipt for Okazaki and may have thereafter acquired actual notice of the lawsuit does not remedy the failure of plaintiff to address the complaint and summons to D. K. Nitta personally as required by Rule 4(j)(1).

"If a statute specifies that certain requirements must be complied with in the process of serving summons, failure to follow these requirements results in a failure of service." *Lynch v. Lynch,* 302 N.C. 189, 196, 274 S.E. 2d 212, 218 (1980).

## II.

[2]  Though our holding as to the service of process will uphold dismissal of this action against Amchick, we consider it ap-

propriate to also address the jurisdictional question. Plaintiff contends that the trial court erred in dismissing the action for lack of jurisdiction over D. K. Nitta and Amchick. The findings of the trial judge that defendant Amchick was "not engaged in substantial activity" and that the subcontract "has no significant connection with" North Carolina are not supported by the evidence. There is ample evidence of "minimum contacts" between defendant Amchick and North Carolina, i.e., two long standing oral hatchery contracts between Amchick and North Carolina hatcheries, performance over an extended period from 1968 through 1980 of the Sleepy Creek contract in North Carolina, and the payment arrangements called for by the contract by which periodic payments of Park's earnings were routed from Sleepy Creek Hatchery in North Carolina to Amchick and subsequent payment by Amchick to Park in North Carolina. The evidence pertaining to the contract and its performance clearly demonstrates sufficient contacts with North Carolina to satisfy both the statutory requirements of G.S. 1-75.4 and the constitutional requirements of due process. *Goldman v. Parkland*, 7 N.C. App. 400, 173 S.E. 2d 15 (1970). The trial judge erred in dismissing the action for lack of personal jurisdiction.

The trial judge's order dismissing the action for insufficiency of service of process was appropriate and is

Affirmed.

Judges HEDRICK and JOHNSON concur.