SHIRLEY T. HARRIS v. W. F. MAREADY, WILLIAM H. PETREE, C. ROGER HARRIS, AND PETREE, STOCKTON, ROBINSON, VAUGHN, GLAZE AND MAREADY

No. 8221SC939

(Filed 20 September 1983)

1. **Rules of Civil Procedure § 15— motion to strike amended complaint—change of party—properly allowed**

    The trial court properly allowed defendants' motion to strike an amendment to plaintiff's complaint through which plaintiff sought to delete "P.A." from the caption of the party-defendants, a law firm, since the amendment, were it to be allowed, would constitute at most a substitution of party-defendants and create a party who had never been served, a new party against whom the statute of limitations had run. The corporation which was designated a party-defendant was not the firm name of the partnership, and the court had no jurisdiction over the partnership or its partners.

2. **Process § 5; Rules of Civil Procedure § 4— denial of oral motion to amend summons—no abuse of discretion**

    There was no abuse of discretion in the trial court's denial of plaintiff's oral motion to amend a summons served upon the individual defendant Maready by deleting the name "C. Roger Harris" and inserting in lieu thereof the name "W. F. Maready," and to amend the summons served upon the law firm by deleting the letters "P.A." Plaintiff did not move to amend the defective summons until the hearing on a motion to dismiss on 11 June 1982, and through the oral efforts to amend the summons, plaintiff was seeking to have all of her process relate back to 11 January 1982. The amendments would have constituted material prejudice to defendants in that the statute of limitations had run and substantial rights of the defendants had intervened. The amendment did not constitute correction of a misnomer, but was an attempt to add the defendant partnership as a new party.

1

3. **Process § 2; Rules of Civil Procedure § 4— serving general partner of law firm—no jurisdiction over law firm itself**

Plaintiff did not obtain jurisdiction over the law firm itself by serving a general partner in the law firm since the summons was not addressed to the law firm as a partnership but was addressed to the law firm as a corporation and since the fact that a general partner was properly named in the summons as an individual defendant did not make service upon his person sufficient process to bring in a partnership not named as a party in the summons. G.S. 1A-1, Rule 4(b).

4. **Process § 1.2; Rules of Civil Procedure § 4— summons addressed to one individual defendant served upon different individual defendant—no valid service of process obtained**

Plaintiff failed to comply with the statutory rules for service of process which were necessary to obtain valid service and jurisdiction against an individual defendant, Maready, where a summons addressed to defendant C. Roger Harris was served upon Maready.

5. **Attorneys at Law § 5.1; Rules of Civil Procedure § 8.1— professional malpractice action—matter in controversy exceeding $10,000—failure to properly state relief demanded—failure to dismiss action—abuse of discretion**

A trial judge abused his discretion by failing to allow defendant's motion to dismiss for a violation of G.S. 1A-1, Rule 8(a)(2) where, from a contextual reading of the complaint as a whole, and from both the original and amended prayer for relief, the complaint was a pleading based upon a professional malpractice action which demanded monetary relief of 5 million dollars against each defendant rather than stating that the controversy exceeds $10,000.00.

Judge WEBB concurring in part and dissenting in part.

Judge ARNOLD concurring in part and dissenting in part.

APPEAL by plaintiff from *Albright, Judge.* Order entered 21 June 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 June 1983.

*James, McElroy & Diehl by William K. Diehl, Jr., and Katherine S. Holliday for plaintiff appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard by Hubert Humphrey for defendant appellees.*

BRASWELL, Judge.

The plaintiff Shirley Harris, being a former client, sued the law firm of Petree, Stockton, Robinson, Vaughn, Glaze and Maready, along with the individual defendants W. F. Maready and William H. Petree, for professional legal malpractice. From July

1976 to 18 January 1979 the law firm, principally through W. F. Maready, represented Shirley Harris in domestic matters against defendant Roger Harris, her former husband. Because William H. Petree, a partner in the law firm, and Roger Harris were involved in some independent business enterprises, a conflict of interest allegedly existed between the law firm and its representation of Shirley Harris. After process was served, the defendants Maready, Petree, and the law firm made a special appearance on 1 March 1982 and filed a motion to dismiss. Plaintiff appeals from Order of the trial court filed 21 June 1982 dismissing the summons and complaint against the defendant law firm "upon the grounds of lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process," and dismissing individual defendant Maready "upon the grounds of insufficiency of process and insufficiency of service of process," and from denial of plaintiff's oral motion to amend the summons served upon Maready and to delete "P.A." from the summons to the law firm. Defendants Maready and the law firm cross-assign error for failure to dismiss for a violation of the rule concerning pleading damages in a professional malpractice action. Defendant Petree did not cross-assign error and is not now individually before this Court. All matters as to defendant Harris have been deferred by the parties until a later time.

On the plaintiff's appeal the crux of the case raises basic questions of civil procedure which are summarized as issues bearing on lack of jurisdiction over the person, insufficiency of process by substitution or by misnomer, insufficiency of service of process, amendment of complaint without amending summons, and amendment of right. After considering each of these subjects, we reject all of plaintiff's arguments and affirm the dismissal.

On the defendants' cross-assignment of error, in the alternative, we hold that the trial court committed error in failing to dismiss for plaintiff's violation of G.S. 1A-1, Rule 8(a)(2) of the Rules of Civil Procedure in pleading damages in a professional malpractice action, and reverse.

Although the trial court's order is interlocutory, the judge certified the case for immediate review on appeal under G.S. 1A-1, Rule 54 of the Rules of Civil Procedure. We agree that consideration of the issues raised should not be postponed.

### THE LAW FIRM —
### JURISDICTION, PROCESS AND AMENDMENTS

The trouble with jurisdiction and process against the defendant law firm is that in both the summons and original complaint the plaintiff sued and served the wrong party. Plaintiff sued a nonexistent corporation: "Petree, Stockton, Robinson, Vaughn, Glaze and Maready, P.A." The evidence is uncontradicted that the law firm, as well as its predecessor, has always been a partnership and has never been a professional association.

A brief recital of the course of events of the pleadings is necessary to show the further dealings of the parties. On 11 January 1982 the lawsuit began with the filing of summons, application, and order extending time to file complaint. On 26 January 1982 plaintiff filed her complaint. The summons shows service on 14 January 1982 upon "Petree, Stockton, Robinson, Vaughn, Glaze & Maready, P.A." by leaving copies with "William H. Petree (General Partner)." Delayed service of original complaint was made by certified mail, signed for by Bonnie Lawson, on 2 February 1982.

On 1 March 1982 the defendants made their special appearance and filed an extensive motion to dismiss alleging, among other things, a lack of jurisdiction over the person.

On 4 March 1982 plaintiff filed an amendment to her complaint without leave of court, maintaining that it was done as a matter of right under G.S. 1A-1, Rule 15(a) of the Rules of Civil Procedure. The amendment professed to cure the procedural defects of jurisdiction and process and also the G.S. 1A-1, Rule 8(a)(2) violation in the original complaint. On 5 April 1982 defendants filed a motion to dismiss and to strike the amendment to the complaint.

The amendment to the complaint as to the parties sought to accomplish the following things:

1. To delete the designation "P.A." from the caption of the party-defendants, and

2. To delete paragraph 5 and make this substitution:

    "5. Plaintiff is informed, believes and therefore alleges that the law firm of Petree, Stockton, Robinson, Vaughn,

Glaze and Maready (hereinafter 'the Petree, Stockton law firm') is a general partnership of lawyers existing under and by virtue of the laws of the state of North Carolina, having its sole office and principal place of business in Winston-Salem, Forsyth County, North Carolina. The Petree, Stockton law firm is the successor in interest to the law firm of Hudson, Petree, Stockton, Stockton and Robinson. Upon information and belief, the former law firm was also a partnership in which Defendants Maready and Petree were general and/or senior partners. Upon information and belief, the Petree, Stockton law firm acquired or received all of the assets of the former partnership and assumed all of the liabilities of the former partnership law firm at the time it came into existence."

On 10 and 11 June 1982 Judge W. Douglas Albright conducted a hearing on all motions, made oral rulings, and filed a formal order on 21 June 1982.

[1] Even if the purported amendment were to be allowed, it would constitute at most a substitution of party-defendants and create a party who has never been served, a new party against whom the statute of limitations has run. Any amendment as of 4 March 1982 would make, not amend, process. *Camlin v. Barnes*, 50 N.C. (5 Jones) 296, 297 (1858). *Camlin* made the point even more explicit when it added: "We put our decision on the ground, that whenever it is necessary to issue *new* process to bring in a *new* defendant, the operation amounts to something which exceeds an amendment, in the broadest signification in which the word has ever been used." *Id.* at 297. The court has no power to ask that "the new defendant 'consider himself' as having been sued *nunc pro tunc.*" *Id.* at 298. In *Camlin* a motion had been made and denied to bring in the administrator of a deceased partner of the defendant in a case where the intestate partner had never been a party to the action.

The case closest to precedential value which we have found is *Electric Membership Corp. v. Grannis Brothers*, 231 N.C. 716, 58 S.E. 2d 748 (1950). Plaintiff sued a nonexistent corporation, "Grannis Bros., Inc." and obtained service of summons and complaint on "C. K. Grannis" who was a general partner in a three-person partnership of C. K. Grannis, K. Sloan, and Mary G. McLeod. The

defendants made a special appearance and moved to dismiss for lack of jurisdiction over the partners or partnership. It was uncontradicted that Grannis Bros., Inc. was a nonexistent corporation and that the defendants had at all times traded under the firm name of "E. W. Grannis Co." The Supreme Court recognized the general rule, quoting "that where individuals are doing business as partners under a firm name and such firm is described or designated in an action, as a corporation, and the process is served on a member of the partnership, the members of the partnership may be substituted by amending the process and allowing the pleadings to be amended." *Id.* at 719, 58 S.E. 2d at 750. Nevertheless, the Supreme Court held under the facts above that "the plaintiff is not entitled to have the partnership substituted as the defendant in lieu of the corporation under the theory or doctrine of misnomer. Substitution in the case of a misnomer is not considered substitution of new parties, but a correction in the description of the party or parties actually served." *Id.* at 720, 58 S.E. 2d at 751. The corporation which was designated a party-defendant was not the firm name of the partnership, and the court had no jurisdiction over the partnership or its partners.

[2]   Because G.S. 1A-1, Rule 4(i) of the Rules of Civil Procedure has a specific rule on amendment of summons, we will scrutinize it. This rule grants discretionary power to the trial judge to "allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued." Here, the plaintiff did not move to amend the defective summons until the hearing on the motion to dismiss on 11 June 1982. As set out in Judge Albright's Order:

> 5. Following the announcement by the Court of the rulings set forth above, plaintiff through counsel moved orally to amend the summons served upon the defendant W. F. Maready by deleting the name "C. Roger Harris" and inserting in lieu thereof the name "W. F. Maready," and to amend the summons served upon the law firm by deleting the letters "P.A." or alternatively to treat these letters as surplusage, which motions are denied.

Through these oral efforts to amend the summons, plaintiff was seeking to have all her process relate back to 11 January 1982.

We hold that the trial judge did not abuse his discretion in denying the plaintiff's oral motion to amend summons. The amendments would have constituted material prejudice to the defendants. The statute of limitations had run and substantial rights of the defendants had intervened. *Electric Membership Corp. v. Grannis Brothers, supra.* The defendant's motion to dismiss through a special appearance had been timely made on 1 March 1982. The statute of limitations ran on 18 January 1982, three years from the termination of the attorney-client relationship on 18 January 1979.

By analogy, we also note that the oral motion to amend the summons cannot be treated as an alias or pluries summons or an endorsement by the Clerk so as to relate back and overcome the statute of limitations. Alias, pluries and endorsed summons are good for later service within an extended time frame to prevent the statute of limitations from running only as against parties who are actually and correctly denominated as parties in the original process.

A similar case which denied an amendment relating back is *McLean v. Matheny*, 240 N.C. 785, 84 S.E. 2d 190 (1954). Plaintiff McLean originally sued W. B. Matheny, trading as Matheny Motor Company. Upon discovery of his error, plaintiff tried to have an amendment which would show the true defendant to be Matheny Motor Company, a corporation. The corporation neither consented to the change nor made a general appearance, and hence the amendment created a new cause of action from the date of amendment which was barred by the statute of limitations. The amendment did not constitute correction of a misnomer, but was an attempt to add the defendant corporation as a new party. *Id.* at 787, 84 S.E. 2d at 191.

[3] Alternatively, plaintiff argues that by serving William H. Petree, a general partner in the law firm, she obtained jurisdiction over the law firm itself. On the facts before us, we disagree.

.The jurisdictional requirements for a proper summons are expressed in simple English in G.S. 1A-1, Rule 4(b) of the Rules of Civil Procedure. The rule explicitly states that the summons "shall be directed to the defendant or defendants and shall notify each defendant to appear and answer within 30 days after its service upon him." The summons which was marked as served on

14 January 1982 by "leaving copies with William H. Petree (General Partner)" was not addressed to the partnership but was issued to "Petree, Stockton, Robinson, Vaughn, Glaze & Maready, P.A." (and the Petree summons was addressed to him personally). As noted earlier, such a corporation was nonexistent. *See Electric Membership Corp. v. Grannis Brothers, supra.* Only after the trial court had ruled on 11 June 1982 against the plaintiff on the defendants' motion to dismiss for lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process, did plaintiff move orally to amend the summons to bring in the legal entity, the partnership. The various cases on partnership law, such as *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892 (1949), relied upon by plaintiff in her brief, are not applicable here. Those cases relate to service upon a general partner being sufficient to bring in the partnership, but only when the original summons and process named the partnership as a true party. The fact that William H. Petree was properly named in a summons as an individual defendant does not make service upon his person sufficient process to bring in a partnership not named as a party in the summons.

To counter plaintiff's further contention that the amended complaint designated the partnership as a party-defendant coupled with the prior service of process upon an individual who was a member of the partnership, that the partnership received actual knowledge of plaintiff's intent to sue them, and that these things in combination should be treated as proper service, we refer to *Hogsed v. Pearlman,* 213 N.C. 240, 242, 195 S.E. 789, 790 (1938). The Supreme Court in *Hogsed* considered similar points as raised earlier in *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867 (1931) and *Plemmons v. Improvement Co.,* 108 N.C. 614, 13 S.E. 188 (1891), and summarized as follows:

In the last named cases, in which individuals were sued and it was sought by amendment *to bring in the corporation with which the individuals were connected without the issuance and service of summons on the corporation,* it was held that the corporation could not be brought into court "in this shorthand manner by amendment" without the service of process. (Emphasis added.)

Where there is an amended summons which does add a new party-defendant, the new summons must be served upon each of the new defendants. *See Bray v. Creekmore,* 109 N.C. 49, 13 S.E. 723 (1891).

In keeping with the law of *Hogsed, supra,* our court recently held that actual notice of a lawsuit was inadequate and that the service of process requirements of G.S. 1A-1, Rule 4(j) of the Rules of Civil Procedure were mandatory when it dismissed for insufficiency of process the case of *Park v. Sleepy Creek Turkeys,* 60 N.C. App. 545, 299 S.E. 2d 670 (1983). In *Park,* the plaintiff intended to include David K. Nitta as one of the multiple defendants. Mr. Nitta signed the registered mail receipt for another person and was presumed to have acquired actual notice of the lawsuit. However, actual notice did "not remedy the failure of plaintiff to address the complaint and summons to D. K. Nitta personally as required by Rule 4(j)(1)." *Id.* at 548, 299 S.E. 2d at 672. The complaint had alleged a breach of a contract by David K. Nitta trading as American Chick Sexing Association (Amchick). The failure of plaintiff to serve process upon defendant Nitta, trading as Amchick, was fatal.

The plaintiff cites *Wiles v. Construction Co.,* 295 N.C. 81, 243 S.E. 2d 756 (1978), as controlling. We disagree. In *Wiles,* the plaintiff sued only one defendant, a corporation, "Welparnel Construction Company, Inc.," and so named it in the caption of the summons. The directory part of the summons was to "Mr. T. T. Nelson, Registered Agent, Welparnel Construction Company, Inc." Service of process was had upon T. T. Nelson. Attorneys for the corporate defendant obtained extensions of time to file answer and did subsequently answer, thus making a general appearance. In the case before us, the partnership law firm has not made a general appearance, but a special appearance, and no answer has been filed for the partnership.

The Supreme Court in *Wiles* went on to reevaluate its consideration of the sufficiency of service of process on corporate defendants when process was addressed to "Agent for" or "President of" a named corporation. The court noted that "[i]n the instant case, Welparnel Construction Company, Inc. was properly named as the defendant in the complaint, as well as in the caption of the summons," and that the only alleged error before it was

"the process here is asserted to be defective is the direction of the summons to the corporation's registered agent rather than to the corporation." *Id.* at 84, 243 S.E. 2d at 758. The situation before us is different. Here, the caption of the summons, complaint, and the Delayed Service of Complaint, along with the language of the directory in the delayed service document, is all addressed to the law firm as a corporation. Paragraph 6 of the original complaint, deleted in the amendment, refers to defendants Maready and Petree as "stockholders" and not as partners.

Another part of *Wiles* acknowledged that our rules require a summons to be directed to a defendant, but then agreed, as we do, with a statement of the late Judge John J. Parker: " 'A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose . . . .' " *Id.* at 84-85, 243 S.E. 2d at 758, *quoting United States v. A. H. Fischer Lumber Co.*, 162 F. 2d 872, 873 (4th Cir. 1947). The *Wiles* court then announced a new rule: "[W]hen the name of the defendant is sufficiently stated in the *caption* of the *summons* and in the *complaint*, such that it is clear that the corporation, rather than the officer or agent receiving service, is the entity being sued, the summons, when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the corporate defendant within the trial court's jurisdiction." *Id.* at 85, 243 S.E. 2d at 758 (emphasis added). But this is not our case. In the present case, the caption of the summons and the original complaint made it clear that a corporation was being sued and not a partnership. Also, although the plaintiff filed an amended complaint and had the newly acquired knowledge that the law firm was not a corporation, the plaintiff did not seek to amend her summons or service of summons.

We are aware that *Wiles* overrules several cases, including *Plemmons v. Improvement Co., supra,* which we have cited earlier. Yet, in its overruling, the court specifically declares that "a number of decisions citing the cases overruled above involved situations in which the complaint as well as the summons were directed to the corporate officers or agents." *Wiles, supra,* at 86, 243 S.E. 2d at 759. Whereupon, it cites, among others, *Hogsed v. Pearlman, supra,* [also discussed earlier in this opinion] and adds:

"[T]hese latter holdings remain *undisturbed* by this decision." *Id.* (emphasis added). We hold that *Wiles* provided no benefit to our plaintiff.

We believe that the case of *Crawford v. Surety Co.,* 44 N.C. App. 368, 261 S.E. 2d 25 (1979), *disc. rev. denied,* 299 N.C. 329, 265 S.E. 2d 394 (1980), also supports our decision. In *Crawford* the summons and complaint named one of the defendants as "Michigan Tool Company, A Division of Ex-Cell-O Corporation." Service was upon Michigan Tool Company. In fact, these were two different companies. Our court held that service upon " 'MICHIGAN TOOL CO., A Division of Ex-Cell-O Corporation' is not service on the entity Ex-Cell-O Corporation even if the complaint and summons reach the hands of someone obligated to receive service in behalf of Ex-Cell-O." *Id.* at 370, 261 S.E. 2d at 27. In essence, no service or jurisdiction had been obtained on Ex-Cell-O in Crawford's case and no service or jurisdiction was obtained against the would-be defendant partnership in the case before us.

The defendant law firm had a substantial right to make a special appearance and not to respond to the merits of the complaint unless it first be made a proper party according to law. It is more than a mere nominal right. It involves the court's jurisdiction to proceed to judgment. Because some may look upon this as a surface technicality, it is appropriate to remember the words of the English jurist in *Chesterfield & Midland Silkstone Colliery Co., Ltd. v. Hawkins,* 3 H. & C. 677, 691 (1865), as quoted in 5 Words and Phrases Legally Defined 171 (2d ed. Butterworths, London 1970):

> "A technical rule of law is invoked on behalf of the [defendants]. A technical rule is one which is established by authority and precedent, which does not depend upon reasoning or argument, but is a fixed established rule to be acted upon and only discussed as regards its application — in truth is 'the law'."

Sufficiency of process is jurisdictional. Discretion cannot be a basis for a trial court or appellate court's ruling on a motion to dismiss for lack of jurisdiction over the person. An amended complaint, even where deemed done as a matter of right, does not relate back or substitute for, or correct an error in a summons which has never been amended.

North Carolina enacted its Professional Corporation Act in 1969, G.S. 55B-1, *et seq.* Use of the designation "P.A." in the corporate name is authorized by G.S. 55B-5. The particulars of the formation of "a professional corporation" are set out in G.S. 55B-4. In the case before us the plaintiff designated as a party-defendant a professional corporation in the original summons and original complaint. No partnership has ever been named in any summons. The purported service upon a "general partner" who is a partner in a partnership that is not named as a defendant cannot bring in the partnership. As was said in *Hogsed, supra,* at 242, 195 S.E. at 790, "The plaintiff is seeking by this motion not to correct a mistake in the name of a party, nor to show the true name of a party when there was a misnomer [citations omitted], but to add by *substitution* as a party defendant one who has never been served with summons. *While the individual defendant sued had been doing business for several years prior to the institution of this action and prior to the organization of the corporation, using a name similar to that of the corporation, the latter was a new and separate entity . . . ."* (Emphasis added.) It avails the plaintiff nothing that the present law firm is a successor of another partnership.

The defendant's motion to dismiss on 1 March 1982 was equivalent to giving the plaintiff a roadmap of deficiencies existing in her pleadings. Now that the statute of limitations has run, it is prejudicial to the defendant law firm, a partnership, to allow any construction of this process to constitute a revision of parties. It would be an injustice to the defendant firm to allow the plaintiff "one more turn at bat." As concluded by our Court in *Stone v. Hicks,* 45 N.C. App. 66, 67, 262 S.E. 2d 318, 319 (1980), "While it is true that the conduct of a lawsuit is not a game between counsel, process must be sufficient in order to give the court jurisdiction over the parties."

## PROCESS PROBLEMS AGAINST W. F. MAREADY

[4]  The issue is: Was Maready served with summons? The facts show that on 11 January 1982 a summons was issued naming W. F. Maready individually. On 27 January 1982 a summons addressed to defendant C. Roger Harris was served upon Maready. Delayed service of complaint on Maready was by certified mail, delivery to addressee only, signed for by "Bonnie Lawson, au-

thorized agent." Date of receipt is illegible. It is undisputed that no summons directed personally to W. F. Maready has ever been served upon him.

What happened? The officer served defendant Harris' summons upon Maready. A yellow copy of the summons, the only summons presented to and served upon W. F. Maready was directed to "C. Roger Harris, Chairman of the Board, United Citizens Bank."

To rebut the presumption of the possibility of proper service, Mr. Maready presented three supporting affidavits. The plaintiff has conceded in the brief that the presumption of proper service has been overcome. However, plaintiff argues that the defect is latent, that if the defendant Maready had checked the case file at the courthouse he could have seen that a summons directed to him was in the file, and that the cases of *Stone v. Hicks, supra,* and *Philpott v. Kerns,* 285 N.C. 225, 203 S.E. 2d 778 (1974), cited by defendant, do not apply. We disagree for reasons about process discussed earlier, and for these additional reasons.

No defendant is required to check the case file at the courthouse to see if he is properly served. Yet, the record reveals that if plaintiff had checked the court file to verify service of summons, she could have seen that the yellow copy of the Maready summons, designated as the defendant's copy, was still in the court file — and thus not delivered to Maready. ["It is stipulated that a yellow copy of the summons directed to W. F. Maready remains in the Court file."] In *Stone, supra,* at 67, 262 S.E. 2d at 319, the summonses were not served on the individual defendants to whom they were directed. Apparently, the officer serving the papers gave each of two defendants the opposite defendant's papers. Each defendant knew he was listed as a party to the lawsuit, but our court held that the process as served was not sufficient to give the court jurisdiction over the parties. In *Philpott,* the summons was patently defective in that it was not directed to the defendants but to the Commissioner of Motor Vehicles and was served only on the Commissioner. *Philpott, supra,* at 228, 203 S.E. 2d at 780. The summons as served on Maready is patently defective, Maready being a different person from Harris, and nothing in this record cures the defect.

Plaintiff contends that an application of the liberal rule concerning whether the defendant was misled, as discussed in *Wash-*

*ington County v. Blount,* 224 N.C. 438, 440, 31 S.E. 2d 374, 376 (1944), should be applied. We disagree and find that the facts are substantially different. In *Washington County,* the summons was properly directed to the defendants. The defects were that the copies served were not dated or signed by the Clerk. The court said that "[a]ll the material information contained in the original summons appeared in the copies served on the defendants." *Id.* Here, we deem it more than an irregularity when the summons does not direct or command the person served as a named defendant to be served or to appear and answer. C. Roger Harris and W. F. Maready are two distinct individuals, and Maready is not required by law to answer or respond to a summons served on him, but directed to C. Roger Harris.

We hold that the plaintiff has failed to comply with the statutory rules for service of process which are necessary to obtain valid service and jurisdiction against W. F. Maready individually.

### THE VIOLATION OF RULE 8(a)(2)

**[5]** By cross-assignment of error the defendants argue that the trial court erred by denying the motion to dismiss on the ground that plaintiff violated G.S. 1A-1, Rule 8(a)(2) of the Rules of Civil Procedure by wrongfully pleading damages in the complaint. This is an alternative ground for dismissal within the defendants' motion of 1 March 1982. The trial court ruled:

> 3. Although the Court finds and determines that the Complaint violated Rule 8(a)(2) of the Rules of Civil Procedure clearly and unequivocally . . . the Court denies the motion . . . to dismiss . . . upon said ground.

Rule 8(a)(2) states as a general rule of pleading that:

> [I]n all professional malpractice actions . . . wherein the matter in controversy exceeds . . . ten thousand dollars ($10,000), *the pleading* shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars ($10,000): . . . Provided, any statement of "the amount of monetary relief sought" which is served on an opposing party may be amended in the manner and at the time provided by G.S. 1A-1, Rule 15. (Emphasis added.)

In violation of this rule, the complaint contains a demand in the prayer for relief for "$5 million as money damages" against defendants Maready and the law firm, "arising from the *legal malpractice* claims . . . in the First, Second, Third, Fourth, and Seventh Counts of this Complaint." (Emphasis added.) Also, plaintiff seeks recovery for punitive damages of $5 million against "all defendants."

Also, in the body of the complaint plaintiff labels paragraphs 77 and 78 as "Damages." In paragraph 77 plaintiff sues for $5 million general damages against all defendants. In paragraph 78 she seeks $5 million in punitive damages against all defendants.

The plaintiff purported to amend her complaint as a matter of right on 4 March 1982 by deleting only the offending parts of the prayer for relief and substituting "a sum in excess of $10,000.00" in both the general damages and punitive damages paragraphs. Paragraph 1 of the prayer for relief, as amended, says "damages arising from legal malpractice claims." However, plaintiff's amended complaint did not change paragraphs 77 and 78 of the original complaint. Thus, the action remains on its face, as against all defendants, a claim and demand for monetary relief in excess of the value of $10,000 [to wit, still $5 million in paragraphs 77 and 78]. From the wording of paragraphs 77 and 78 of the complaint, from a contextual reading of the complaint as a whole, and from both the original and amended prayer for relief, the complaint remains a pleading based upon professional malpractice, demanding monetary relief of five million dollars against each defendant.

We find that *Jones v. Boyce*, 60 N.C. App. 585, 299 S.E. 2d 298 (1983), the only case to date which has interpreted Rule 8(a)(2), is dispositive on this issue. In *Jones*, an attorney malpractice action, the plaintiff's complaint prayed for one million dollars as compensatory damages and two million dollars as punitive damages. After defendant had served a responsive pleading, plaintiff sought by motion to amend the *ad damnum* allegations and was denied. Our court held that the trial court did not abuse its discretion in denying the motion to amend and in dismissing the action in its entirety, and it related Rule 8(a)(2) to Rule 41(b) of the Rules of Civil Procedure.

Judge Whichard, writing for our Court in *Jones*, pointed out that

The General Assembly enacted G.S. 1A-1, Rule 8(a)(2), in response to a perceived crisis in the area of professional liability insurance. A study commission thereon recommended "elimination of the ad damnum clause in professional malpractice cases [to] avoid adverse press attention prior to trial, and thus save reputations from the harm which can result from persons reading about huge malpractice suits and drawing their own conclusions based on the money demanded.

*Jones, supra,* at 587, 299 S.E. 2d at 300.

We hold that the trial judge abused his discretion by failing to allow the defendant's motion to dismiss for a violation of Rule 8(a)(2). On the facts before us, the action should have been dismissed in its entirety against the defendants W. F. Maready and Petree, Stockton, Robinson, Vaughn, Glaze & Maready, a partnership.

The results are that the entire action is dismissed as to the individual defendant W. F. Maready and as to the law firm of Petree, Stockton, Robinson, Vaughn, Glaze & Maready, a partnership.

The order below is affirmed as to the plaintiff's appeal and is reversed as to the defendants' cross-assignment of error.

Judges ARNOLD and WEBB concur in part and dissent in part.

Judge WEBB concurring in part and dissenting in part.

I dissent from the majority's holding that it was error not to dismiss the action for violating G.S. 1A-1, Rule 8(a)(2). I believe the Superior Court was within its discretion in not ordering a dismissal. *Jones v. Boyce,* 60 N.C. App. 585, 299 S.E. 2d 298 (1983) held it was not error to dismiss an action for the violation of this rule. I do not believe that case holds it is error not to dismiss for a violation of the rule. I vote with the majority on the other aspects of the case.

Judge ARNOLD, concurring in part and dissenting in part.

I concur in holding that plaintiff's action should have been dismissed for violation of Rule 8(a)(2). However, I respectfully dissent from that part of the opinion holding that plaintiff sued and served the wrong party.

It is true that the defendant law firm has always been a partnership and never a corporation. It is also true that plaintiff meant to sue the law firm, Petree, Stockton, Robinson, Vaughn, Glaze and Maready. A summons was even served on "William H. Petree (General Partner)" as is pointed out by the majority.

Under the facts of this case there could be no possible misunderstanding as to the exactitude of the party defendant being sued. In my view the identity of the defendant was sufficiently stated to bring the law firm within the trial court's jurisdiction. The common sense reasoning by which our Supreme Court reached its result in *Wiles* seems to apply to the facts of this case. I would reverse as to plaintiff's appeal.